MARJORIE MARLOW, APPELLANT, V. MAPLE MANOR APARTMENTS, A PARTNERSHIP, APPELLEE.

228 N. W. 2d 303

Filed May 1, 1975. No. 39787.

James M. Fitzgerald of Matthews, Kelly, Cannon & Carpenter, for appellant.

Pilcher, Howard & Dustin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Plaintiff appeals from the sustaining of a motion for summary judgment dismissing her personal injury action. The trial court held plaintiff's action was barred by section 48-148, R. R. S. 1943, because the plaintiff had previously filed a claim against defendant in the Workmen's Compensation Court. We reverse.

Section 48-148, R. R. S. 1943, provides as follows: "If any employee, or his dependents in case of death, of any employer *subject to the provisions of sections 48-109 to 48-147 files any claim with,* or accepts any payment from such employer, or from any insurance company carrying such risk, on account of personal injury, or makes any agreement, or submits any question to the court under said sections, such action shall constitute a

release to such employer of all claims or demands at law, if any, arising from such injury." (Italics supplied.)

The plaintiff was employed by defendant as custodian for defendant's apartment complex. While returning from a private errand she slipped and fell on ice in front of the premises of the defendant. She thereafter filed a claim with the Workmen's Compensation Court. After hearing, that court found the accident and injury which plaintiff sustained did not result from a risk reasonably incident to her employment. Since the accident and injury did not arise out of and in the course of her employment, her petition was dismissed. Plaintiff then filed the present action.

No appeal was taken from the determination by the Workmen's Compensation Court. When a judge of the compensation court enters a judgment which he is authorized by law to make, such judgment is conclusive on all parties at interest. Gilmore v. State (1945), 146 Neb. 647, 20 N. W. 2d 918. For the purposes of this appeal, therefore, the accident and injury did not arise out of or in the course of plaintiff's employment.

Defendant argues that both the employer and the employee were subject to the provisions of the act, and that plaintiff, by filing a claim with the Workmen's Compensation Court, brought herself within the provisions of section 48-148, R. R. S. 1943. It is conceded that plaintiff at all times was an employee of the defendant and that she did file a claim for compensation. The sole question presented by this appeal is whether "subject to the provisions of sections 48-109 to 48-147," R. R. S. 1943, covers an employee who sustains an accident and injury which does not arise out of and in the course of the employment?

In construing the Workmen's Compensation Act, it has long been the policy of this court to give a liberal construction to it so that its beneficent purposes may not be thwarted by technical refinements of interpreta-

tion. Wilson v. Brown-McDonald Co. (1938), 134 Neb. 211, 278 N. W. 254.

Section 48-101, R. R. S. 1943, provides: "When personal injury is caused to an employee by accident or occupational disease, *arising out of and in the course of his or her employment,* such employee shall receive compensation therefor from his or her employer if the employee was not willfully negligent at the time of receiving such injury." (Italics supplied.)

Section 48-109, R. R. S. 1943, is as follows: "If both employer and employee *become subject to sections 48-109 to 48-147,* both shall be bound by the schedule of compensation provided in this act, which compensation shall be paid in every case of injury or death caused by accident or occupational disease *arising out of and in the course of employment,* except accidents caused by, or resulting in any degree from the employee's willful negligence as defined in section 48-151." (Italics supplied.)

Michigan, prior to December 31, 1969, had a statutory provision similar to section 48-148, R. R. S. 1943. Defendant takes comfort from the fact that Michigan in several instances similar to the instant one held its statute to be exclusive where a compensation claim was filed, even though the compensation court held plaintiff had not sustained an accident arising out of and in the course of his employment. The words "subject to the provisions of sections 48-109 to 48-147 files any claim," must be interpreted together. It does not say any employee who files a claim, but any employee "subject to." The reasoning of the Michigan court is not persuasive herein.

The Workmen's Compensation Act provides the exclusive remedy by the employee against the employer for any injury arising out of and in the course of the employment. This is the basis on which the rights of employers and employees are put in balance. The employer, by having liability imposed on him without fault, receives in return relief from tort actions. Logically,

therefore, where the employer is negligent he should not be relieved of liability where compensation coverage is not provided to the employee.

In De Porte v. State Furniture Co. (1935), 129 Neb. 282, 261 N. W. 419, we had a slip and fall case analogous to the instant one. De Porte filed a tort action and the defendant contended her remedy, if any, was under the Workmen's Compensation Act. There we said: "The plaintiff here, when injured, was not actually engaged in any duty of her employment nor upon the premises where the work of her employer was carried on, unless by construction we can hold that passing over the sidewalk in front of her employer's place of business, on her own time for which she was not paid, at the noon hour to get her lunch and to do a personal errand brings her within the scope of the compensation law." The court held the injury occurred on a public sidewalk where the employee was exposed to no other or different hazard than the public and did not come under the Workmen's Compensation Act. She was permitted to maintain her tort action.

As we understand defendant's argument, it does not contend that the plaintiff could not have maintained a tort action in the first instance. It does contend, however, that the plaintiff, having elected to file a claim for compensation, has brought herself within the provisions of section 48-148, R. R. S. 1943, and is now barred from filing a tort action. We do not construe the act so narrowly. To so construe it would make a mockery of its beneficent purposes. Applying to the construction of the act the intent to carry out its beneficent purposes, we cannot believe the Legislature intended to take away from employees rights of actions which are not within the coverage of the Workmen's Compensation Act.

We realize there may be close questions as to whether an injury arose out of and in the course of the employment. In those situations, because of the time provisions of the compensation act, it may be necessary to file a

claim with the compensation court to determine the question of liability under the act. We construe the words in section 48-148, R. R. S. 1943, "subject to the provisions of sections 48-109 to 48-147 files any claim" as intended to cover only claims arising out of and in the course of the employment. The operative fact is one of coverage, not of election to file a claim for compensation. If coverage exists, even though for some reason compensation may not be payable, the Workmen's Compensation Act is exclusive. If the accident does not arise out of and in the course of the employment, there is no coverage, and the parties then are not subject to the act. An adjudication that an injury does not arise out of or in the course of the employee's employment is a conclusive determination only of the fact that the Workmen's Compensation Court lacks jurisdiction in the matter. This determination does not bar recourse to the tort remedy, if one exists.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.