JAMES VANGREEN, APPELLEE, v. INTERSTATE MACHINERY AND SUPPLY CO., A CORPORATION, APPELLANT, IMPLEADED WITH GEORGE L. FRAISSINET ET AL., APPELLEES.

246 N. W. 2d 652

Filed November 10, 1976. No. 40584.

Haney, Hansen, Katz & Engels, for appellant.

John R. Douglas and Patrick B. Donahue of Cassem, Tierney, Adams & Gotch, for appellee PPG Industries, Inc.

Wall & Wintroub, for appellee Vangreen.

Ernest Wintroub, for appellee Hiab-Foco, A.B.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

James Vangreen, plaintiff, brought this action against Interstate Machinery and Supply Co., hereinafter referred to as Interstate, and George L. Fraissinet to recover for injuries to his right hand sustained while installing glass panes in a building. Plaintiff's employer PPG Industries, Inc., hereinafter referred to as PPG, was made a party for the purpose of determining its subrogation rights under the Nebraska Workmen's Compensation Act. PPG was also the employer of defendant Fraissinet. Interstate settled plaintiff's claim, filed a cross-claim against PPG, and seeks indemnification or contribution on the ground that PPG's negligence was the proximate cause of the accident. PPG's demurrer to the cross-claim was sustained.

Interstate assigns as error the ruling of the trial court that recovery is barred by the Workmen's Compensation Act; that its settlement with plaintiff was an admission of liability; and also that it constituted a voluntary payment. We affirm the judgment of the District Court.

Section 48-148, R. R. S. 1943, provides: "If any employee, or his dependents in case of death, of any em-

ployer subject to the provisions of sections 48-109 to 48-147 files any claim with, or accepts any payment from such employer, or from any insurance company carrying such risk, on account of personal injury, or makes any agreement, or submits any question to the court under said sections, *such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury.*" (Emphasis supplied.)

Section 48-118, R. R. S. 1943, provides that in the event the injured employee recovers from a third party for injuries sustained, the employer shall be subrogated and reimbursed for any compensation paid.

In Annotation, 53 A. L. R. 2d 977, appears an extensive annotation on the subject at issue here with a number of additional cases cited in the supplement thereto. The great majority of the various jurisdictions dealing with the question have held that a third person tortfeasor, who is liable for injuries to, or for the death of, a workman, is not entitled to recover contribution from the workman's employer, notwithstanding the latter's negligence concurred in causing the injury or death, where the employer, the employee, and the injury or death are covered by the provisions of a workmen's compensation act. The decisions are based on two theories. First, that an employer covered by a compensation act does not have a common liability with a third party tort-feasor which is a necessary requisite to securing contribution. Second, that compensation acts must be construed as specifically limiting the liability of the employer, not only to the employee, but as to third persons as well. This proposition has, in some circumstances, been applied to the theory of indemnity as well as that of contribution.

Plaintiff Vangreen, for a cause of action against Interstate, alleged that it rented to PPG a hoist truck and that his injuries were proximately caused by Interstate's negligence in that the hoist was improper for the type of work for which Interstate knew it was to be used,

was not designed to handle the loads required, had a defective valve, failed to respond promptly to its controls, and that Interstate failed to apprise the hoist operator of its peculiarities. This is the action which Interstate settled and for which it now seeks indemnity from PPG. In its cross-claim against PPG, Interstate charges the accident was attributable to negligence on the part of PPG and its employee Fraissinet who operated the hoist. Interstate also alleges that it compromised and settled with Vangreen "in order to minimize the time and expenses of further defending plaintiff's action, and in view of the exposure of this defendant in the event plaintiff would obtain a verdict against the defendant, compromised plaintiff's claim in the amount of $42,000.00, said sum being fair and reasonable under all of the circumstances then and there existing." In its cross-claim Interstate also denies any negligence on its part. In its brief Interstate states that a further reason for its compromising the Vangreen claim was its exposure to liability under section 39-6,193, R. R. S. 1943. That statute renders truck owners liable for injuries sustained by others from the operation of a leased truck. The statute is inapplicable here as it was the operation of the hoist and not the truck that was involved in the injury.

It is apparent that Interstate's assertion that it was free of negligence has little, if any, validity in view of the nature of its settlement with Vangreen and this is apparent on the face of its cross-claim. Assuming, as we must since this case was determined on a demurrer, that PPG was also guilty of negligence contributing to the accident, is Interstate entitled to indemnity? Interstate does not urge a right to recover under an express or implied contract of indemnity but seeks recovery on the theory that PPG is a joint tort-feasor. Under such circumstances, is the exclusive-remedy provision contained in the Nebraska statutes circumvented? The statute, section 48-148, R. R. S. 1943, provides that a

workmen's compensation action "shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury." Section 48-118, R. R. S. 1943, awards to the employer subrogation rights against third parties. It is evident that the exclusive-remedy provision is not confined to the injured party but is designed to cover all claims "arising from such injury." Interstate's cross-claim is based on negligence and necessarily arises from the injury. The statute is not limited to claims for damages and it will not avail to assert that this is a claim for indemnity rather than damages.

The majority rule holds that, when the relation between the parties involves "no contract or special relation capable of carrying with it an implied obligation to indemnify, the basic exclusiveness rule generally cannot be defeated by dressing the remedy itself in contractual clothes, such as indemnity, since what governs is not the delictual or contractual form of the remedy but the question: is the claim 'on account of' the injury, or on account of a separate obligation running from the employer to the third party?" 2A Larson, Workmen's Compensation Law, § 76.44, p. 14-405. See, also, Montoya v. Greenway Aluminum Co., Inc., 10 Wash. App. 630, 519 P. 2d 22; Hilzer v. MacDonald, 169 Colo. 230, 454 P. 2d 928; Slattery v. Marra Bros., Inc., 186 F. 2d 134 (2d Cir., 1951); Graham v. City of Lincoln, 106 Neb. 305, 183 N. W. 569. To hold otherwise would nullify the exclusive-remedy provision in the statute and the statutory right of subrogation. If an injured workman recovers from a third party tort-feasor and such tort-feasor is permitted to recover from the employer, the protection accorded the employer by the Workmen's Compensation Act is circumvented as in the end the employer pays not only the compensation provided by statute but must pay all other damages. As well permit the injured workman to sue the employer for damages in the first instance as the result is the same.

The judgment of the District Court is affirmed.

AFFIRMED.