Stephen C. PELINSKI and Pamela Pelinski, Plaintiffs,

v.

The GOODYEAR TIRE AND RUBBER COMPANY and Behlen Manufacturing Company, Defendants.

The GOODYEAR TIRE AND RUBBER COMPANY and Behlen Manufacturing Company, Third Party Plaintiffs,

v.

SPACEMARK, INC., Third Party Defendant.

No. 79 C 2729.

United States District Court, N. D. Illinois, E. D.

Oct. 27, 1980.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Stephen Pelinski ("Pelinski") and Pamela Pelinski brought this diversity–based personal injury action against Goodyear Tire and Rubber Company ("Goodyear"), owner of the Norfolk, Nebraska premises on which the alleged injury occurred, and Behlen Manufacturing Company ("Behlen"), general contractor for construction of a plant on Goodyear's property. In turn, Goodyear and Behlen filed third party complaints against Spacemark, Inc. ("Spacemark"), Pelinski's employer and Behlen's subcontractor.

Spacemark has moved (1) "to dismiss for lack of cause of action" and (2) to transfer this action to the District Court for the District of Nebraska.[1] For the reasons stated in this memorandum opinion and order, Spacemark's motions are denied.

### Applicable Law

Except for a few oblique references, none of the parties really addresses the question of what law applies to the questions before the Court. Each essentially assumes the applicability of Nebraska law, though there are some references in the briefs to Illinois law as well. Because this Court cannot indulge such an assumption, the choice of law question will be addressed briefly.

In this diversity action, Illinois choice of law doctrine of course applies under familiar *Erie v. Tompkins* principles, *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Whichever party's view of the controversy prevails, Illinois doctrines lead to the application of the substantive law of Nebraska:

1. If Spacemark is right, the third party complaints are essentially tort actions. Because Nebraska was the place where the injury occurred and Illinois has no more significant relationship with the occurrence and with

Lawrence E. Morrissey, Arthur T. Lennon, Murphy, Timm, Lennon, Spesia & Ayers, Joliet, Ill., for plaintiffs.

James J. Brennan, Edmund W. Sinnott, J. Gerard Bambrick, Jr., Pope, Ballard, Shepard & Fowle, Chicago, Ill., for Goodyear Tire and Rubber Co.

Raymond R. Cusack, Johnson, Cusack & Bell, Chicago, Ill., for Behlen Mfg. Co.

Robert F. I. Conte, Chicago, Ill., for Spacemark, Inc.

---

1. Spacemark has withdrawn two other initially- asserted motions.

the parties, Nebraska law would apply. *Ingersoll v. Klein*, 46 Ill.2d 42, 45, 262 N.E.2d 593, 595 (1970).

2. If Goodyear and Behlen are right, the third party complaints would rest on grounds that are either impliedly contractual or arise out of a "special relationship" among the parties. In either case, the conflict of laws test would look to the jurisdiction having the most significant contacts (plainly Nebraska), and once again Nebraska law would apply. *Arnold v. Industrial Commission*, 21 Ill.2d 57, 61, 171 N.E.2d 26, 28–29 (1960).

### Motion to Dismiss

Spacemark's motion to dismiss is based on its argument that the Nebraska Workmen's Compensation Act (the "Act"), Neb.Rev. Stat. § 48–148, bars any third party actions against an employer:

If any employee, or his dependents in case of death, of any employer subject to the provisions of section 48–109 to 48–147 files any claim with, or accepts any payment from such employer, or from any insurance company carrying such risk, on account of personal injury, or makes any agreement, or submits any question to the court under said sections, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury.

That statute was definitively construed in *Vangreen v. Interstate Machinery & Supply Co.*, 197 Neb. 29, 246 N.W.2d 652 (1976).

In *Vangreen* an employee filed a personal injury action against a fellow employee and against the lessor of equipment leased to plaintiff's employer, also making the employer a party to determine its subrogation rights under the Act. After the lessor had settled with plaintiff it cross–claimed against plaintiff's employer, seeking indemnity and contribution.

Although the lessor had denied any negligence, the Nebraska Supreme Court found that such denial had "little, if any, validity in view of the nature of its settlement with Vangreen" and that in any case it was required to assume that the third party defendant was also guilty of negligence contributing to the accident. Accordingly the Court stated (246 N.W.2d at 654):

Interstate does not urge a right to recover under an express or implied contract of indemnity but seeks recovery on the theory that PPG is a joint tort–feasor. Under such circumstances, is the exclusive remedy provision contained in the Nebraska statutes circumvented? The statute, section 48–148, R.R.S. 1943, provides that a workmen's compensation action "shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury." Section 48–118, R.R.S. 1943, awards to the employer subrogation rights against third parties. It is evident that the exclusive–remedy provision is not confined to the injured party but is designed to cover all claims "arising from such injury." Interstate's cross–claim is based on negligence and necessarily arises from the injury. The statute is not limited to claims for damages and it will not avail to assert that this is a claim for indemnity rather than damages.

The majority rule holds that, when the relation between the parties involves "no contract or special relation capable of carrying with it an implied obligation to indemnify, the basic exclusiveness rule generally cannot be defeated by dressing the remedy itself in contractual clothes, such as indemnity, since what governs is not the delictual or contractual form of the remedy but the question: is the claim 'on account of' the injury, or on account of a separate obligation running from the employer to the third party?" 2A Larson, Workmen's Compensation Law, s. 76.44, p. 14–405.

Measured against that controlling standard, Goodyear's and Behlen's third party complaints are ambiguous. On the one hand, Paragraph 7 of each specifically incorporates the cross–plaintiff's answer, which denies any negligence (thus distinguishing the situation from *Vangreen*, where the Court had to assume the third

party *was* guilty of negligence contributing to the accident). On the other hand, each third party complaint refers to Spacemark as "actively and *primarily* negligent" (emphasis added). Each is stated solely in terms of *negligence* on Spacemark's part and concludes (emphasis again added):

> If [Goodyear or Behlen] becomes liable for damages to plaintiff, it will be because of the *active negligence* or omissions of Spacemark, there being no *active acts of negligence* by [Goodyear or Behlen].

And Behlen's brief refers to the "active–passive negligence" dichotomy that supports indemnity in some jurisdictions.

Thus the third party complaints could be read to bear the construction and the result urged by either party. Goodyear's and Behlen's claims could be viewed either as a claim "arising from such injury" (in which case *Vangreen* would plainly bar the third party complaint) or a claim on account of a separate obligation running from Spacemark to them (in which case it would not). But this Court is spared the difficult task of parsing the allegations of the third party complaint by the teaching of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), under which a complaint may not be dismissed for failure to state a claim unless it appears beyond any doubt that plaintiff can prove no set of facts in support of the complaint's allegations that would entitle plaintiff to relief. Nor is it fatal that plaintiff has failed to assert the proper legal theory if the allegations would permit relief on any possible theory. *Garza v. Chicago Health Clubs, Inc.*, 347 F.Supp. 955, 959 (N.D.Ill.1972).

Professor Larson, on whose text the *Vangreen* Court relied in reaching its decision, elsewhere states the operative principle in this way (2A Larson, Workmen's Compensation Law § 76.43, at 14–335 to 336):

> When the employer's relation to the third–party is that of a contractor doing work for the third–party, there may be an implied obligation to perform the work with due care. If, by failing to use such care, the employer causes an acci-

dent injuring his own employee, it may be said that the employer has simultaneously breached two duties of care. The one is toward an employee, and it is for this breach that compensation bars any common law remedy. The other is toward the third–party contractee, and among the damages flowing from the breach of this separate duty are any damages the third–party may be forced to pay the employee because of their relation.

See *Ryan Stevedoring Co. v. Pan–Atlantic Steamship Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), the leading case on the "implied obligation" theory to which *Vangreen* and the Larson text refer.

Because under *Conley* we must read the allegations of the third–party complaint in the manner most favorable to the cross–plaintiffs, and to determine if the allegations provide for relief under any possible theory, Spacemark's Fed.R.Civ.P. 12(b)(6) motion to dismiss must be denied.

### Motion To Transfer to Nebraska

Spacemark's motion for a transfer of venue to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1404(a) must be denied. It is plain that third–party proceedings are considered ancillary to the main action and therefore do not require independent satisfaction of the venue statutes. 3 Moore's Federal Practice, ¶ 14.28[2] (2d ed. 1979); 6 Wright and Miller, Federal Practice and Procedure, § 1445 (1971). There is thus some question whether a third–party defendant can invoke the "in the interest of justice" standard of Section 1404(a). Id. at p. 242. But even assuming that it can, Spacemark has not made an adequate showing sufficient to overcome the paramount consideration given to the choice of forum by plaintiffs, Illinois residents, particularly when concurred in by defendants as well. *Thompson v. United Artists Theatre Circuit, Inc.*, 43 F.R.D. 197, 201 (S.D.N.Y.1967); see also *United States v. Acord*, 209 F.2d 709, 714 (10th Cir. 1954), *cert. denied*, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954).

### Conclusion

Spacemark's motions to dismiss the third party complaints and to transfer this action are denied. Spacemark is ordered to answer the third party complaints on or before November 10, 1980.