LOKEN, Circuit Judge.
After recovering worker’s compensation benefits, Charles Merryman sued Iowa Beef Processors, Inc., for injuries Merry-man sustained while working on a crane retrofit project at IBP’s Dakota City, Nebraska, plant. IBP filed a third party complaint against Merryman’s employer, Allstate Industrial Contractors, Inc., the mechanical contractor on the project. The district court[1] granted summary judgment in favor of Allstate on the ground that IBP’s third party claim is barred by the applicable worker’s compensation statute. IBP appeals. We affirm.
Merryman, an Iowa resident employed by an Iowa company, was injured at the Nebraska plant when he was struck by a crane being tested by IBP’s employees. IBP’s third party complaint alleges that Merryman’s injury was proximately caused by Allstate’s negligent supervision of Mer-ryman and that Allstate, was contractually liable to indemnify IBP for such negligence. Without resolving choice of law questions, the district court held that IBP failed to come forward with sufficient evidence of a right to indemnity under either Iowa and Nebraska law.
The worker’s compensation laws of both States bar an action for contribution by a third-party tortfeasor (IBP)' based upon the alleged negligence of an injured employee’s employer (Allstate). See Iowa Code § 85.-20; Iowa Power & Light Co. v. Abild Constr. Co., 259 Iowa 314,144 N.W.2d 303, 306 (1966); Neb.Rev.Stat. § 48-148; Vangreen v. Interstate Mach. & Supply Co., 197 Neb. 29,. 246 N.W.2d 652, 653-54 (1976). Thus, IBP’s third party complaint is barred unless IBP can prove that its relationship with Allstate provides an exception to the principle that worker’s compensation benefits are the exclusive remedy against an injured worker’s employer. Contractual Indemnity.
Both Iowa and Nebraska permit a third party to recover from the employer under an express contract of indemnity, notwithstanding worker’s compensation exclusivity. See Hysell v. Iowa Pub. Serv. Co., 534 F.2d 775, 782-83 (8th Cir.1976); Union Pac. R.R. v. Kaiser Agr. Chem. Co., 229 Neb. 160, 425 N.W.2d 872, 879 (1988). IBP’s principal argument in the district *445 court and on appeal is that Allstate was contractually obligated to indemnify IBP for Allstate’s alleged negligence.
The basis for IBP’s contention is buried in the fine print on the back of its standard purchase order form:
15. Certificate of Insurance. Prior to commencing work on the project authorized by this Order, Seller shall have his insurer furnish to [IBP] two copies of a certificate of insurance evidencing his compliance with the insurance requirements listed below.
* * * # * *
c. Worker’s Compensation Insur-ance____
d. Indemnity Agreement reading as follows: “Seller and his insurer agree to indemnify [IBP] from and against all claims [by] Seller’s ... employees ... on account of personal injury ... resulting from the negligent or intentional acts or omissions of Seller, its employees and agents.”
e. Said certificate must state that Seller’s insurer is aware of and agrees to be bound by the above Indemnity Agreement.
IBP sent Allstate a standard purchase order and an acknowledgement form at the start of the project. IBP claims that the presence of the language quoted above on the purchase order form, when considered in the context of the continuing business relationship between IBP and Allstate, demonstrates that an indemnity contract existed between the two parties. However, (i) there was no evidence the acknowledgement was signed by Allstate and returned to IBP; (ii) the purchase order was never signed by Allstate; (iii) no Indemnity Agreement was ever submitted to IBP by Allstate or its insurer, as ostensibly required by par. 15.d; and (iv) there was no other evidence that Allstate understood and intended to be bound by the indemnity provisions in par. 15.d.
Having carefully reviewed the record under our now familiar standards for summary judgment, see, e.g. Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir.1992), and having considered questions of state law de novo, we agree with the district court’s determination that IBP presented insufficient evidence of the alleged contract of indemnity to avoid summary judgment in favor of Allstate. “When a motion for summary judgment is made ... an adverse party ... must set forth specific facts showing that there is a genuine issue for trial”. Fed.R.Civ.P. 56(e). “If the evidence [presented by the non-moving party] is ... not significantly probative, summary judgment may be granted.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An employer’s agreement to forego its statutory right to limited worker’s compensation liability must be evidenced by something more than boilerplate terms buried on the back of a third party’s purchase order form, containing insurance conditions that the parties obviously ignored in fulfilling their primary contractual undertakings.

Independent Duty.

IBP also contends that, even absent an express agreement to indemnify, it is entitled to indemnity because Allstate had an “independent duty” to IBP growing out of a proposal that stated that Allstate would provide “competent supervision” and would “professionally manage and complete” the project. We disagree. IBP cites no Nebraska law recognizing such a duty to indemnify, and we have grave doubts whether the Iowa authority[2] cited by IBP has survived Woodruff Constr. Co. v. Barrick Roofers, Inc., 406 N.W.2d 783 (Iowa 1987). But in any event, it is clear that any such duty “must be of a specific, defined nature,” and not simply the general duty of care owed to each member of society. Hysell, 534 F.2d at 782-83. We agree with the district court that IBP failed to present “significantly probative” evidence of that type of duty in this case.
*446 The judgment of the district court is affirmed.

. The HONORABLE DONALD E. O’BRIEN, Chief Judge of the United States District Court for the Northern District of Iowa.

. Mayhew v. Iowa-Illinois Telephone Co., 279 F.Supp. 401 (S.D. Iowa 1967); Blackford v. Sioux City Dressed Pork, Inc., 254 Iowa 845, 118 N.W.2d 559 (1962).