JOHN TOMPKINS, JR., APPELLANT, V. LARRY RAINES, ALSO KNOWN AS LARRY HENGGLER, APPELLEE.

530 N.W.2d 244

Filed April 7, 1995. No. S-93-681.

John B. Ashford and Steven M. Renteria, of Bradford, Coenen & Welsh, for appellant.

Allen J. Potts and, on brief, Lawrence E. Barrett, of Sodoro, Daly & Sodoro, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WRIGHT, J.

John Tompkins, Jr., first brought an action in the Nebraska Workers' Compensation Court seeking compensation for personal injuries. A three-judge rehearing panel of the compensation court eventually dismissed his case. While that action was pending in the compensation court, Tompkins filed a petition in Douglas County District Court seeking damages for the same injuries. The district court granted summary judgment against Tompkins, and he appeals.

## SCOPE OF REVIEW

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Jim's, Inc. v. Willman, ante* p. 430, 527 N.W.2d 626 (1995).

Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

## FACTS

On January 25, 1990, Tompkins was providing labor for Larry Raines at Raines' body shop in Omaha, Nebraska, in order to repay a loan. That afternoon, Raines was involved in an altercation with a third party, and the third party stabbed Tompkins with a knife.

Tompkins first filed a claim seeking workers' compensation benefits. In February 1991, a single judge of the Workers' Compensation Court entered an order stating that Tompkins had suffered penetrating knife wounds while engaged in the duties of his employment and that, as a result of the accident and injuries, Tompkins had incurred medical and hospital expenses. The single judge found that Tompkins was temporarily totally disabled from January 26 through March 8, 1990, a period of 6 weeks, and that he suffered no permanent disability. Tompkins was awarded workers' compensation benefits of $133.33 per week for 6 weeks for temporary total disability compensation and was awarded $7,199.81 for hospital bills.

On rehearing before a three–judge panel, the parties stipulated to various facts in lieu of an evidentiary hearing. The three–judge panel found that Tompkins had failed to prove the extent of his injury; time lost from work, if any; bills incurred for the stabbing; or other monetary loss. The three–judge panel entered an order dismissing the petition and reversing the award entered by the single judge of the compensation court. Tompkins did not appeal that order.

While the workers' compensation action was pending, Tompkins filed a petition in the Douglas County District Court on October 10, 1991, alleging that Raines was negligent in failing to provide Tompkins with a safe workplace, in allowing the third party to remain on the premises, and in failing to warn Tompkins of the dangerous condition caused by the third party. Tompkins claimed that as a result of the events of January 25, 1990, he suffered personal injuries which resulted in permanent bodily impairment, scarring, loss of earnings, loss of earning capacity, and medical expenses.

Raines' amended answer asserted, inter alia, that Tompkins had previously elected to pursue his remedy under the Nebraska Workers' Compensation Act, that Tompkins' claim was barred

because of his previous election of remedies, and that Tompkins was collaterally estopped from pursuing this tort action due to his earlier position that his injuries occurred within the course and scope of his employment. Raines further asserted that Tompkins was precluded from relitigating the issue of whether Tompkins was an employee because that issue had been decided by the compensation court and the judgment was not appealed.

Raines filed a motion for summary judgment which included a copy of the workers' compensation award and a copy of the order of dismissal by the three–judge panel. On July 14, 1993, the district court entered summary judgment in favor of Raines and ordered that the case be dismissed.

## ASSIGNMENT OF ERROR

Tompkins claims that the district court erred in determining that dismissal of the action brought in the Workers' Compensation Court precluded him from bringing this tort action.

## ANALYSIS

Tompkins argues that the order of the compensation court on rehearing has no preemptive effect because the issue of whether he was an employee at the time of his injury was never decided by the rehearing panel. We must, therefore, determine whether Tompkins' employment status was decided by the panel. If Tompkins was an employee at the time of his injury, his exclusive remedy for relief is under the Workers' Compensation Act. If Tompkins was not an employee at the time of his injury, the compensation court did not have subject matter jurisdiction over the dispute and his tort action was properly filed in district court.

Neb. Rev. Stat. § 48–148 (Reissue 1993) provides:

If any employee . . . of any employer subject to the Nebraska Workers' Compensation Act files any claim with, or accepts any payment from such employer . . . or submits any question to the Nebraska Workers' Compensation Court under such act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury.

We have held that the Workers' Compensation Act is an

employee's exclusive remedy against an employer for an injury arising out of and in the course of employment. *Plock v. Crossroads Joint Venture*, 239 Neb. 211, 475 N.W.2d 105 (1991). If an accident does not arise out of and in the course of employment, no coverage is available under workers' compensation, and the parties are not subject to the act. *Marlow v. Maple Manor Apartments*, 193 Neb. 654, 228 N.W.2d 303 (1975). Whether the accident arose out of and in the course of employment must be determined from the facts of each case.

In *Marlow*, the defendant argued that the plaintiff, by electing to file a claim for workers' compensation, brought herself within the provisions of § 48–148, barring her from later filing a tort action. We held, however, that workers' compensation law covers only claims arising out of and in the course of employment. The issue is one of coverage, not of election to file a claim for compensation. If coverage exists because the injury arose out of and in the course of employment, then the Workers' Compensation Act is the exclusive remedy. We also pointed out in *Marlow* that "[a]n adjudication that an injury does not arise out of or in the course of the employee's employment is a conclusive determination only of the fact that the Workmen's Compensation Court lacks jurisdiction in the matter. This determination does not bar recourse to the tort remedy, if one exists." 193 Neb. at 659, 228 N.W.2d at 306.

In the present case, Tompkins first filed a claim in the compensation court, where a single judge found that Tompkins' injuries arose out of and in the course of his employment and that there was an implied employment agreement between Tompkins and Raines. The three–judge rehearing panel did not reverse this finding, but found that Tompkins' petition had to be dismissed because he failed to prove the extent of his injuries and his damages. Neither party appealed from the decision of the three–judge panel. An adjudication was made that Tompkins was an employee. Tompkins' exclusive remedy therefore is in the compensation court.

## CONCLUSION

The Workers' Compensation Act is the employee's exclusive remedy against an employer for an injury arising out of and in

the course of employment. *Plock, supra*. Tompkins first sought relief in the Workers' Compensation Court, asserting that he was an employee at the time he was injured. The compensation court determined that Tompkins was an employee, and this determination was binding upon Tompkins. The district court was correct in granting summary judgment to Raines. The judgment of the district court is affirmed.

AFFIRMED.