HARSH INTERNATIONAL, INC., APPELLANT, V.
MONFORT INDUSTRIES, INC., APPELLEE.
662 N.W.2d 574

Filed June 6, 2003.    No. S-02-381.

David E. Pavel, of David E. Pavel Law Offices, P.C., for appellant.

Robert D. Mullin, Jr., and William J. Birkel, of McGrath, North, Mullin & Kratz, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, Harsh International, Inc. (Harsh), sued Monfort Industries, Inc. (Monfort), for indemnity or contribution after Harsh settled a lawsuit with one of Monfort's employees. The employee was injured in the course of his employment by a mixer manufactured by Harsh. Monfort demurred, and the district court dismissed the petition with prejudice.

On appeal, Harsh asks this court to recognize intentional tort, implied indemnity, and comparative negligence exceptions to the rule that workers' compensation is the exclusive remedy against an employer for injury to an employee.

We decline to adopt exceptions for intentional torts and decline to extend an exception for implied contracts of indemnity beyond instances involving a special relationship. We determine that issues of comparative negligence are res judicata. Accordingly, we affirm.

## BACKGROUND

In February 1995, a Monfort employee, Maximino Rodriguez, was seriously injured when he became entangled in a rotating shaft located below a mixer manufactured by Harsh. In 1997, Rodriguez and his wife sued Harsh under a products liability theory. Monfort was named as a defendant solely for compliance with the Nebraska Workers' Compensation Act (Act). In that action, Harsh moved to file a third-party complaint against Monfort. The motion asserted that Monfort might be liable to Harsh for all or part of Rodriguez' claim and that the outcome of the claim was dependant on the outcome of Rodriguez' claim against Harsh. The district court overruled the motion, and Harsh appealed. The Nebraska Court of Appeals dismissed because there was not a final order. See *Rodriguez v. Harsh International*, 7 Neb. App. xl (No. A-98-911, Nov. 2, 1998). Harsh never filed a proper appeal of the issue. At the conclusion of trial, but before the jury returned a verdict, Harsh settled the cases with Rodriguez

and his wife for $1 million, to be paid in installments. Because of an arrangement with Rodriguez and his wife, Monfort was, or will be, credited with amounts it advanced under the Act.

In 2001, Harsh filed an amended petition against Monfort seeking indemnity or contribution from Monfort because of Monfort's negligence, strict liability, or unjust enrichment. The petition alleged that in 1993, it sold three stainless steel mixers and stands to Monfort, including the mixer that injured Rodriguez. The mixers were substantially modified according to directions provided by Monfort. Harsh was not involved in system design, installation, or placement of the mixers. Harsh also had no knowledge of how the mixers were configured, installed, and maintained. Harsh alleged that Monfort was a sophisticated user of the mixers and did not follow or implement safety rules to guard against dangers presented by the mixers. Harsh alleged that Monfort's modifications to the mixers were the proximate cause of Rodriguez' injuries.

Harsh sought indemnity under an implied contract of indemnity. Harsh also sought contribution, alleging that Monfort acted in a "dual capacity" as the designer of the mixers. Harsh alleged that Monfort could not be immune from suit under the Act when it acted as a designer.

Harsh next sought contribution or indemnity under the comparative negligence statutes. Harsh alleged that the public policy of Nebraska is to assess damages in proportion to the fault of the defendants. Harsh further alleged that adoption of the comparative negligence statutes abrogated the doctrine of employer immunity from suit under the Act. Finally, Harsh sought contribution or indemnity under theories of strict liability and unjust enrichment.

Monfort demurred, alleging that the petition failed to state a cause of action and that the claims had been the subject of another action between the parties. The court determined that the Act relieves an employer from liability, including actions filed by third parties. The court noted that an exception was recognized for a claim of contractual indemnity. Noting that a majority of states reject a doctrine of implied indemnity, the court concluded that Harsh failed to plead sufficient facts to show that there was an implied contract of indemnity between the parties. The court next determined that Nebraska had never adopted a dual capacity

doctrine as an exception to an employer's immunity from suit under the Act.

Addressing the claims of comparative negligence, strict liability, and unjust enrichment, the court determined that Harsh could not seek indemnification when it chose to voluntarily settle its action with Rodriguez. In the alternative, the court determined that the comparative negligence statutes did not abrogate the doctrine of immunity from suit as provided in the Act. As a result, the court sustained the demurrer and dismissed the petition without leave to amend. Harsh's motion for a new trial was overruled, and Harsh appeals.

## ASSIGNMENTS OF ERROR

Harsh lists 16 assignments of error, which we consolidate as follows: The district court erred in (1) failing to recognize an implied contract of indemnity, (2) failing to recognize an action for contribution when the employer committed an intentional tort, (3) failing to apply principles of comparative negligence, (4) failing to find unjust enrichment, (5) sustaining the demurrer and dismissing the petition, and (6) denying leave to amend.

## STANDARD OF REVIEW

■ In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Regier v. Good Samaritan Hosp.*, 264 Neb. 660, 651 N.W.2d 210 (2002).

■ Concerning questions of law and statutory interpretation, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Guenzel-Handlos v. County of Lancaster*, 265 Neb. 125, 655 N.W.2d 384 (2003).

## ANALYSIS

Harsh contends that it may bring an action for contribution against Monfort as an intentional tort-feasor. In the alternative, Harsh argues that it can bring an indemnity action because there was an implied contract of indemnity. Monfort counters that Neb.

Rev. Stat. § 48-148 (Reissue 1998) bars any action by third-party tort-feasors for either indemnity or contribution.

Section 48-148 provides:

> If any employee . . . of any employer subject to the Nebraska Workers' Compensation Act files any claim with, or accepts any payment from such employer, or from any insurance company carrying such risk, on account of personal injury, or makes any agreement, or submits any question to the Nebraska Workers' Compensation Court under such act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury.

Neb. Rev. Stat. § 48-118 (Cum. Supp. 1994), the version in effect at the time of Rodriguez' injuries, provides that if the injured employee recovers from a third party for injuries sustained, the employer shall be subrogated and reimbursed for any compensation paid.

■ We have recognized that the majority of jurisdictions have held that a third-party tort-feasor, who is liable for injuries to a worker, is not entitled to recover contribution from the worker's employer. This is true even if the employer's negligence concurred in causing the injury and the injury was covered by a workers' compensation act. *Vangreen v. Interstate Machinery & Supply Co.*, 197 Neb. 29, 246 N.W.2d 652 (1976). In *Vangreen*, we stated:

> The decisions are based on two theories. First, that an employer covered by a compensation act does not have a common liability with a third party tort-feasor which is a necessary requisite to securing contribution. Second, that compensation acts must be construed as specifically limiting the liability of the employer, not only to the employee, but as to third persons as well.

197 Neb. at 31, 246 N.W.2d at 654. Thus, we held in *Vangreen* that the Act bars an action by a third-party tort-feasor against the employer for contribution based on a claim arising from an injury to an employee.

■ Harsh argues, however, that an exception applies when the employer is an intentional tort-feasor. We decline to recognize an exception. We have stated that the Act provides the exclusive

remedy by the employee against the employer for *any* injury arising out of and in the course of the employment. *Abbott v. Gould, Inc.*, 232 Neb. 907, 443 N.W.2d 591 (1989). Thus, we have held that intentional acts of an employer fall within the scope of the Act. *Id.*

▇ Here, when the Act limits the employer's liability to the employee for intentional acts, we decline to create an exception that would extend the employer's liability to third parties. As we noted in *Vangreen*, because of the exclusive remedy provision in § 48-148, an employer covered by the Act does not have a common liability with a third-party tort-feasor. A common liability is a necessary requirement for securing contribution. Further, the Act must be construed as specifically limiting the liability of the employer, not only to the employee, but as to third parties as well. Accordingly, we do not recognize an exception that would allow a third party to seek contribution from the employer when it is alleged that the employer acted intentionally.

In the alternative, Harsh argues that it may recover indemnity or contribution under an implied contract of indemnity. Thus, Harsh asks us to recognize an implied indemnity doctrine as an exception to the defense that § 48-148 provides the exclusive remedy against the employer for injuries sustained by an employee.

In *Vangreen*, the district court dismissed a cross-claim against an employer for indemnity. We noted that the bar against contribution claims has also, in some circumstances, been applied to indemnity claims. We then stated: "The majority rule holds that, when the relation between the parties involves 'no contract or special relation capable of carrying with it an implied obligation to indemnify, the basic exclusiveness rule generally cannot be defeated by dressing the remedy itself in contractual clothes such as indemnity . . . .' " *Vangreen v. Interstate Machinery & Supply Co.*, 197 Neb. 29, 33, 246 N.W.2d 652, 654 (1976). Because in *Vangreen* there was no allegation of a right to recover under an express or implied contract, we affirmed the dismissal of the cross-claim.

We specifically allowed an express contractual indemnification action against an employer in *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 425 N.W.2d 872 (1988). There, we held:

> [W]hen an employer, liable to an employee under the Nebraska Workers' Compensation Act, agrees to indemnify a third party for a loss sustained as the result of the third party's payment to the indemnitor's employee, the employer's exclusion from liability accorded by the Worker's Compensation Act does not preclude the third party's action to enforce the indemnity agreement with the indemnitor-employer.

229 Neb. at 169, 425 N.W.2d at 879.

■ Although we indicated in *Vangreen, supra,* that a contract of indemnity could be implied, we discussed the issue in terms of a special relationship. A small minority of jurisdictions recognize the implied indemnity doctrine, while the great majority reject the implied indemnity doctrine as an exception in the absence of a special relationship. See 7 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 121.07[1] (2002). Examples of a special relationship are those such as principle and agent, bailor and bailee, lessor and lessee, or a situation giving rise to vicarious liability. See, *Ramos v. Browning Ferris Industries,* 103 N.J. 177, 510 A.2d 1152 (1986); *Diekevers v SCM Corp,* 73 Mich. App. 78, 250 N.W.2d 548 (1976). In contrast, the relationship between vendor and vendee will not support a claim for implied indemnification against an employer who is a vendee. *Ramos, supra.*

■ We decline to extend the exception beyond instances involving a special relationship or express contracts of indemnification. Under an express contract of indemnity, an employer has explicitly agreed to reimburse a third party for payment to an injured employee. The employer has expressly created a contractual duty of reimbursement to the third party. Likewise, a special relationship permits the primary defendant to be held liable for injuries proximately caused by the negligence of another defendant. But when the duty to indemnify is not express and a special relationship does not exist, we construe the Act to specifically limit the liability of the employer.

Here, there was no express contract of indemnity and it is clear that the relationship between Harsh and Monfort was that of vendor and vendee. The allegation that Monfort requested modifications to the mixer and changed its design does not change the

relationship between the parties. Thus, Harsh cannot allege a relationship that could give rise to an implied contract of indemnity to defeat the exclusive remedy provision of § 48-148.

■ Harsh contends that it should have been given leave to amend its petition. If, upon the sustainment of a demurrer, it is clear that no reasonable possibility exists that an amendment will correct a pleading defect, leave to amend need not be granted. *Chambers v. Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002). We determine that because the relationship between Harsh and Monfort is clear, the court properly denied leave to amend.

Harsh next contends that Monfort's actions were the sole proximate cause of the injury and that the comparative negligence statutes should apply. See Neb. Rev. Stat. § 25-21,185.10 (Reissue 1995). We determine that the issue is res judicata because the comparative negligence defense could have been litigated in the action between Rodriguez and Harsh.

Harsh attempted to join Monfort as a third-party defendant in the action between Rodriguez and Harsh. The court dismissed the third-party petition, and Harsh's appeal was dismissed for lack of jurisdiction. See *Rodriguez v. Harsh International*, 7 Neb. App. xl (No. A-98-911, Nov. 2, 1998). Harsh never filed a proper appeal of the dismissal of Monfort and then settled the case.

■ Under res judicata, a final judgment on the merits is conclusive upon the parties in any later litigation involving the same cause of action. *Billingsley v. BFM Liquor Mgmt.*, 264 Neb. 56, 645 N.W.2d 791 (2002). Res Judicata bars relitigation not only of those matters litigated, but also of those which might have been litigated in an earlier proceeding. *Dakota Title v. World-Wide Steel Sys.*, 238 Neb. 519, 471 N.W.2d 430 (1991). Res judicata also applies to the litigation of defenses. *Id.*

Here, the proper time for Harsh to have raised the defense of comparative negligence was in the action between it and Rodriguez. Harsh unsuccessfully attempted to join Monfort as a third-party defendant in the action, but then abandoned any comparative negligence claim when it voluntarily settled the case and failed to properly appeal the dismissal of the third-party petition. Harsh cannot now attempt to litigate the defense of comparative negligence by bringing suit directly against Monfort.

Finally, Harsh assigned as error the failure of the court to find that there was unjust enrichment. But Harsh does not argue the issue in its brief. We also note that Harsh does not argue the issues of dual capacity or strict liability. Errors that are assigned but not argued will not be addressed by an appellate court. *In re Application of Lincoln Electric System*, 265 Neb. 70, 655 N.W.2d 363 (2003). We do not address these issues.

## CONCLUSION

We do not recognize an exception to the exclusive remedy provision under § 48-148 that would allow a third party held liable to an injured employee to seek contribution from an employer for the employer's alleged intentional acts. We also do not recognize an implied indemnity exception to the exclusive remedy provision outside of the existence of a special relationship. We determine that issues of comparative negligence are res judicata. Thus, we do not address whether comparative negligence of an employer may be raised as a defense to an action between an injured employee and a third party. Finally, we determine that Harsh is not entitled to leave to amend its petition.

AFFIRMED.