LYLA F. BENNETT, APPELLANT, V. SAINT ELIZABETH HEALTH SYSTEMS, DOING BUSINESS AS SAINT ELIZABETH MEDICAL CENTER, APPELLEE.

729 N.W.2d 81

Filed March 30, 2007.    No. S-05-1306.

Jason G. Ausman, of Johnson, Welch & Ausman, P.C., for appellant.

Travis P. O'Gorman, of Cline, Williams, Wright, Johnson & Oldfather, for appellee.

HEAVICAN, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Lyla F. Bennett, appellant, was employed by Saint Elizabeth Health Systems, doing business as Saint Elizabeth Medical Center (Saint Elizabeth), appellee, when she sustained an injury to her left shoulder that was compensable under the Nebraska Workers' Compensation Act (Workers' Compensation Act), Neb. Rev. Stat. § 48-101 et seq. (Reissue 1998, Cum. Supp. 2002 & Supp. 2003). Following surgery, Bennett underwent a course of physical therapy at Saint Elizabeth. Bennett alleges that the physical therapy was negligently performed and resulted in an additional injury to her left shoulder. Bennett received workers' compensation benefits for the initial injury and the consequential injury. Bennett filed a medical malpractice action against Saint Elizabeth in the district court for Lancaster County, seeking damages attributable to the consequential injury. Saint Elizabeth moved for summary judgment, claiming that Bennett's exclusive remedy for the consequential injury was under the Workers' Compensation Act. The district court agreed, sustained Saint Elizabeth's motion, and dismissed the case. Bennett appeals. We conclude that Bennett's medical malpractice action is barred by the exclusivity provisions of the Workers' Compensation Act, §§ 48-111 and 48-148, and, accordingly, we affirm.

## STATEMENT OF FACTS

There is essentially no dispute as to the material facts in this case. Bennett was employed by Saint Elizabeth, a hospital located in Lancaster County, Nebraska, in the "Hospice Home Health" department. Saint Elizabeth maintains workers' compensation insurance.

On September 16, 2003, Bennett injured her left shoulder at work while she was attempting to lift a patient out of a chair. On

October 31, Bennett underwent surgery to repair the injury to her left shoulder. After Bennett's surgery, her surgeon prescribed physical therapy treatment. On November 5, 6, 10, and 12, Bennett underwent physical therapy at Saint Elizabeth's physical therapy department. Bennett alleges that as a result of the physical therapy, her left shoulder was reinjured. On February 17, 2004, Bennett underwent a second surgery on her left shoulder.

Bennett's medical expenses relating to both injuries to her left shoulder were paid for by Saint Elizabeth's workers' compensation insurance. As of August 17, 2005, Bennett had received $50,308.97 in workers' compensation medical benefits from Saint Elizabeth. Bennett also received disability income benefits following both incidents. The record shows that Bennett had received $14,347.15 in temporary total disability payments and $164.53 in temporary partial disability payments, as well as $16,398.78 in unspecified benefits.

On February 10, 2005, Bennett filed a medical malpractice action against Saint Elizabeth in the district court for Lancaster County. Bennett alleged, in effect, that in November 2003, Saint Elizabeth negligently performed physical therapy on her left shoulder, causing her to reinjure her shoulder. Bennett sought damages for permanent disability, loss of quality of life, past and future pain and suffering, lost wages, future loss of earning, and "such other items of general damages which may have been caused by the acts of [Saint Elizabeth]."

Following discovery, Saint Elizabeth filed a motion for summary judgment. Saint Elizabeth claimed that because Bennett's initial injury was compensable under workers' compensation, all subsequent aggravations to that injury were also workers' compensation related, and thus, pursuant to §§ 48-111 and 48-148, Bennett was barred from pursuing her malpractice action.

An evidentiary hearing was conducted in the district court. In its order filed October 11, 2005, the district court determined that Bennett's medical malpractice action against Saint Elizabeth was barred by the exclusivity provisions of the Workers' Compensation Act. The district court sustained Saint Elizabeth's motion for summary judgment and dismissed the case. Bennett appeals.

## ASSIGNMENT OF ERROR

On appeal, Bennett asserts a number of arguments, all essentially claiming that the district court erred in determining that the Workers' Compensation Act's "exclusivity doctrine" barred Bennett's medical malpractice action against Saint Elizabeth.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *City of Lincoln v. Hershberger*, 272 Neb. 839, 725 N.W.2d 787 (2007).

## ANALYSIS

In its order of October 11, 2005, the district court agreed with Saint Elizabeth and stated that "all of Bennett's injuries arose out of her employment and, therefore, her exclusive remedy is workers' compensation." The district court sustained Saint Elizabeth's motion for summary judgment and dismissed Bennett's medical malpractice action. On appeal, Bennett claims that the district court erred. In urging this court to reverse the district court's decision, Bennett does not dispute that she is entitled to workers' compensation benefits for both the initial injury and the injury sustained during physical therapy, and she further acknowledges that she has received workers' compensation benefits covering the medical care for both injuries. Instead, Bennett argues that because the second injury to her shoulder occurred while she was a patient receiving medical treatment from Saint Elizabeth, she should be permitted to sue the hospital for additional damages in tort. Saint Elizabeth urges us to affirm, arguing that Bennett's injuries are covered by the Workers' Compensation Act and that therefore, Bennett's malpractice action is barred by the exclusivity provisions of the Workers' Compensation Act. We agree with Saint Elizabeth and conclude that the district court did not err when it concluded that Bennett's medical malpractice action was barred by the exclusivity provisions of the Workers' Compensation Act, granted summary judgment in favor of Saint Elizabeth, and dismissed the action. Accordingly, we affirm.

Our analysis is guided by the provisions of the Workers' Compensation Act and our jurisprudence thereunder. Section 48-112 provides that "all contracts of employment shall be presumed to have been made with reference and subject to the Nebraska Workers' Compensation Act. Every such employer and every employee is presumed to accept and come under such sections."

Section 48-111 provides as follows:

Such agreement or the election provided for in section 48-112 shall be a surrender by the parties thereto of their rights to any other method, form, or amount of compensation or determination thereof than as provided in the Nebraska Workers' Compensation Act, and an acceptance of all the provisions of such act, and shall bind the employee himself or herself, and for compensation for his or her death shall bind his or her legal representatives, his or her surviving spouse and next of kin, as well as the employer, and the legal representatives of a deceased employer, and those conducting the business of the employer during bankruptcy or insolvency. For the purpose of this section, if the employer carries a policy of workers' compensation insurance, the term employer shall also include the insurer. The exemption from liability given an employer and insurer by this section shall also extend to all employees, officers, or directors of such employer or insurer, but such exemption given an employee, officer, or director of an employer or insurer shall not apply in any case when the injury or death is proximately caused by the willful and unprovoked physical aggression of such employee, officer, or director.

Section 48-148 provides:

If any employee, or his or her dependents in case of death, of any employer subject to the Nebraska Workers' Compensation Act files any claim with, or accepts any payment from such employer, or from any insurance company carrying such risk, on account of personal injury, or makes any agreement, or submits any question to the Nebraska Workers' Compensation Court under such act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury.

Sections 48-111 and 48-148 are routinely referred to by this court as the "exclusivity" provisions. See, e.g., *Skinner v. Ogallala Pub. Sch. Dist. No. 1*, 262 Neb. 387, 631 N.W.2d 510 (2001); *Muller v. Tri-State Ins. Co.*, 252 Neb. 1, 560 N.W.2d 130 (1997). We adopt the same nomenclature in this opinion.

Given the provisions of §§ 48-112, 48-111, and 48-148 of the Workers' Compensation Act, we have stated that if an injury arises out of and in the course of employment, the Workers' Compensation Act is the injured employee's exclusive remedy against his or her employer. See, *Skinner v. Ogallala Pub. Sch. Dist. No. 1, supra*; *Muller v. Tri-State Ins. Co., supra*. We have further observed that the Workers' Compensation Act "provides the exclusive remedy by the employee against the employer for *any* injury arising out of and in the course of the employment." *Harsh International v. Monfort Indus.*, 266 Neb. 82, 86-87, 662 N.W.2d 574, 579 (2003) (emphasis in original). Accord *Abbott v. Gould, Inc.*, 232 Neb. 907, 443 N.W.2d 591 (1989).

In *Tompkins v. Raines*, 247 Neb. 764, 768, 530 N.W.2d 244, 246 (1995), we stated that "workers' compensation law covers only claims arising out of and in the course of employment. The issue is one of coverage . . . . If coverage exists because the injury arose out of and in the course of employment, then the Workers' Compensation Act is the exclusive remedy." Accord *Marlow v. Maple Manor Apartments*, 193 Neb. 654, 228 N.W.2d 303 (1975). Thus, if coverage exists because the injury arose out of and in the course of employment, then the provisions of the Workers' Compensation Act provide the exclusive remedy against the employer as a matter of law. Given the foregoing principles, the operative issue in this case is one of coverage.

Section 48-101 describes the scope of and the circumstances that fall within workers' compensation coverage. Section 48-101 provides that

> [w]hen personal injury is caused to an employee by accident or occupational disease, arising out of and in the course of his or her employment, such employee shall receive compensation therefor from his or her employer if the employee was not willfully negligent at the time of receiving such injury.

█ In the instant case, there is no dispute that at the time Bennett allegedly reinjured her left shoulder, she was pursuing rehabilitation for her initial injury and was not performing any work duties. It has been recognized that an injured worker may recover workers' compensation benefits for a new injury or an aggravation of a compensable injury resulting from medical or surgical treatment of a compensable injury, even though the new injury was not incurred while performing work duties. See *Smith v. Goodyear Tire & Rubber Co.*, 10 Neb. App. 666, 636 N.W.2d 884 (2001). See, generally, 1 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 10.05 (2006). Professor Larson, in his treatise, describes these injuries as occurring in the "quasi-course of employment," explaining that

> [s]ince, in the strict sense, none of the consequential injuries we are concerned with are in the course of employment, it becomes necessary to contrive a new concept, which we may for convenience call "quasi-course of employment." By this expression is meant activities undertaken by the employee following upon his or her injury which, although they take place outside the time and space limits of the employment, and would not be considered employment for usual purposes, are nevertheless related to the employment in the sense that they are necessary or reasonable activities that would not have been undertaken but for the compensable injury.

*Id.* at 10-12.

In *Smith v. Goodyear Tire & Rubber Co., supra*, an employee appealed the dismissal of his petition for workers' compensation benefits. In reversing the decision of the compensation court, the Nebraska Court of Appeals concluded that the injured worker was entitled to workers' compensation benefits for an injury that he suffered while he received physical therapy as treatment for compensable injuries he had sustained while on the job. In determining that the worker's injury sustained during physical therapy was covered under the Workers' Compensation Act, the Court of Appeals reasoned that the injured worker's "physical therapy related to his employment in the sense that [his] therapy was a necessary or reasonable activity that [he] would not have undertaken but for his [initial compensable] injuries." 10 Neb.

App. at 673, 636 N.W.2d at 889. We agree with the Court of Appeals' reasoning in *Smith*, and applying it in the instant case, we conclude that Bennett's consequential injury to her left shoulder is covered under the Workers' Compensation Act and that her exclusive remedy for this injury is, therefore, under the Workers' Compensation Act and not in tort.

At the time Bennett allegedly reinjured her left shoulder, she was receiving physical therapy for her original injury, which was work related. There is no inference in the record that Bennett's physical therapy was an unnecessary or unreasonable treatment for her initial injury. Because Bennett would not have undertaken the physical therapy to her left shoulder but for the original compensable injury to that shoulder, the consequential injury to the left shoulder is related to her employment, and therefore, it is a covered injury under the Workers' Compensation Act. See *Smith v. Goodyear Tire & Rubber Co., supra.* Saint Elizabeth is liable under the Workers' Compensation Act for both the initial injury and the consequential injury. As a matter of law, because the consequential injury is covered, Bennett's exclusive remedy for this injury is under the Workers' Compensation Act, and recovery is not available in a medical malpractice action against Saint Elizabeth.

Despite the "covered" nature of her injury, Bennett asks this court to ignore the exclusivity provisions of the Workers' Compensation Act and permit her to proceed in district court with an additional action against Saint Elizabeth. Bennett notes that Saint Elizabeth provided the physical therapy implicated in this case and acknowledges that Saint Elizabeth is her "employer." Nevertheless, Bennett suggests we ignore Saint Elizabeth's status as her employer and instead consider Saint Elizabeth as a third party against which a claim would be available under § 48-118 et seq.

Bennett specifically urges this court to adopt either the "dual-capacity" or the "dual persona" doctrine. "According to the 'dual capacity' doctrine, an employer may become liable to an employee in tort if, with respect to that tort, the employer occupies a position which places upon it obligations independent of and distinct from its role as an employer." *Johnston v. State*, 219 Neb. 457, 461, 364 N.W.2d 1, 4 (1985). According

to some authorities, the "dual capacity" doctrine has generally been discredited. See 6 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 113.01[2] at 113-3 (2000) (and cases cited therein) (stating that "the term 'dual capacity' has proved to be subject to . . . misapplication and abuse [and] the only effective remedy is to jettison it altogether"). Instead, Professor Larson proposes a different term, the "dual persona doctrine," under which "[a]n employer may become a third person, vulnerable to tort suit by an employee, if—and only if—it possesses a second persona so completely independent from and unrelated to its status as employer that by established standards the law recognizes that persona as a separate legal person." *Id.*, § 113.01[1] at 113-1.

Regardless of the term used, given the facts presented herein and the applicable law, neither doctrine would apply in the instant case. Bennett's consequential injury to her left shoulder was related to her employment and therefore is a covered injury for which Saint Elizabeth, in its status as Bennett's employer, is liable under the Workers' Compensation Act. Once an employee's injury is covered, and notwithstanding the availability of a claim against a third party, see § 48-118 et seq., an employee "surrender[s]" his or her "rights to any other method, form, or amount of compensation" from his or her employer, § 48-111. Given the facts surrounding her consequential injury and the conclusion that this injury is covered under the Workers' Compensation Act, under the exclusivity provisions of the Workers' Compensation Act, Bennett is precluded as a matter of law from litigating a separate tort claim against her employer for additional damages. Accordingly, we decline Bennett's suggestion to adopt and apply either the "dual capacity" or the "dual persona" doctrine in this case.

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *City of Lincoln v. Hershberger*, 272 Neb. 839, 725 N.W.2d 787 (2007). Giving Bennett all favorable inferences from the facts, Saint Elizabeth was entitled to judgment as a matter of law. The district court correctly concluded Bennett's

medical malpractice suit is barred by the exclusivity provisions of the Workers' Compensation Act and properly granted Saint Elizabeth's motion for summary judgment.

## CONCLUSION

The district court correctly concluded that Bennett's medical malpractice action was barred by the exclusivity provisions of the Workers' Compensation Act, thus entitling Saint Elizabeth to summary judgment. We, therefore, affirm the district court's order granting summary judgment in favor of Saint Elizabeth and dismissing Bennett's action.

AFFIRMED.

WRIGHT, J., not participating.