JOSEPH L. FISHER, APPELLEE, v. ORA A. KEELER ET AL., APPELLANTS.

5 N. W. (2d) 143

FILED JULY 31, 1942. No. 31432.

*J. J. Harrington* and *Flansburg & Flansburg,* for appellants.

*Frederick M. Deutsch* and *Julius D. Cronin, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ., and ELLIS, District Judge.

YEAGER, J.

This matter is presented here on motion of Joseph L. Fisher, plaintiff and appellee, to quash the supersedeas bond of Ora A. Keeler and others, defendants and appellants, for the following reasons:

The bond is not conditioned as required by the order of the district court.

Neither of the sureties upon the bond furnished justification as required by section 20-2224, Comp. St. 1929.

The sureties have not sufficient property to enable them to justify agreeable to section 20-2224, Comp. St. 1929.

The bond was not filed within 20 days from the date of the judgment and decree.

The first objection we think is without merit. The conditions provided in the decree are the following:

" * * * the amount of said bond is fixed at $2,000, to be approved by the clerk of this court, conditioned that the appellant will prosecute such appeal without delay and pay all condemnation money and costs which may be found against him in the final determination of said cause, and further conditioned that said appellant will abide and perform the judgment or decree rendered or final order which shall be made by the supreme court in said cause, and further conditions that such appellant will not, during the pendency of such appeal, permit, or suffer to be committed any waste upon such real estate, and pay all costs and all rents or damages to such real estate which may accrue during the pendency of such appeal and until the appellee is legally restored thereto."

The conditions in the bond as filed are the following:

"The condition of this bond being that the defendants,

Ora A. Keeler, Mary Keeler, Harold Keeler and Louise Keeler, will prosecute said appeal to the supreme court and without delay, and will pay the judgment rendered by the district court in favor of the plaintiff, and all costs, rents, damages and waste that may be adjudged against them or any of them, by the supreme court and will fully abide by and comply with all orders and any judgment, or judgments, made and entered by the supreme court in said case, then this bond to be null and void, otherwise, to be and remain in full force and effect."

A comparison discloses that the conditions imposed by the court and those contained in the bond are substantially the same.

The second objection is clearly meritorious. The sureties failed to justify as provided by the statute. The bond was approved by the clerk of the district court, but clearly in violation of the duty imposed upon him by law.

This renders it unnecessary for this court to make any finding with regard to the third objection. The bond with its lack of justification of sureties being insufficient, it is not necessary at this time to pass upon the showings made here as to the financial responsibility of the sureties whose names are appended to the bond in question.

The attack upon this bond was first presented to the district court. Relief was there denied on the sole ground that, the cause having been adjudicated, that court was without jurisdiction to act. We think that in this the district court was in error.

While it is true that under the statutes the only provision for approval of supersedeas or appeal bonds in civil appeals from the district court is by the clerk of that court (Comp. St. 1929, sec. 20-1918), and while under a decision of this court this duty is a mandatory one so far as the clerk is concerned (*State v. Cook*, 51 Neb. 822, 71 N. W. 733), reason requires that the court shall have the right to exercise control over steps following judgment and pending perfection of appeal necessary to carry into effect statutory exactions.

The district court is not a court of limited jurisdiction.

On the contrary, its jurisdiction is general, original and appellate in all matters civil and criminal, except as otherwise provided. Comp. St. 1929, sec. 27-302.

Certainly under its general powers the district court should have the right to inquire into and, if the facts warrant, overrule the action of the clerk of the district court when the clerk has accepted a supersedeas bond bad in form and substance. Any other view would throw the doors open to untold mischief and injustice.

We hold, therefore, that the district court, or a judge thereof, has power and jurisdiction to examine into and determine the sufficiency of supersedeas bonds and the sureties thereon up to the time when appeal to the supreme court is made complete.

As to the fourth objection, while the record is not as clear as might be desired the bond appears to have been filed in time.

The bond in question being insufficient, it is ordered that a substitute supersedeas bond be furnished to this court with sufficient sureties to be approved by the clerk of the supreme court within 20 days, and for failure to comply the, appeal will stand dismissed.

The motion to dismiss appeal is

CONDITIONALLY SUSTAINED.