JOHN H. RUDDER, APPELLEE, V. AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, A FOREIGN CORPORATION, APPELLANT.

194 N. W. 2d 175

Filed February 4, 1972. No. 38019.

Merritt E. James, for appellant.

A. James McArthur, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

Plaintiff brings this action for a declaration of his rights and defendant's responsibilities under a policy of motor vehicle liability insurance issued to the plaintiff by the defendant, and certified under the Motor Vehicle Safety Responsibility Act, Chapter 60, article 5, R. R. S. 1943. This controversy was initiated when the defendant denied coverage for an accident, relying on an exclusionary clause of the policy. The district court rendered judgment on the pleadings in favor of the plaintiff, ruling that the exclusionary clause was without legal effect. We affirm the judgment of the district court.

The pleadings show that the policy, certified under the Motor Vehicle Safety Responsibility Act, was issued to the plaintiff on December 9, 1969. On January 11, 1970, plaintiff was involved in an accident for which claims for damages were made against him. At the time of this accident, plaintiff was driving a vehicle owned by his brother, members of the same household. The defendant denied coverage for the accident, relying on Section V c 1 of the policy, which provides: "This insuring agreement does not apply: 1. to any automobile owned by or hired, furnished or available for the

regular use of such named insured, spouse or any resident of the same household."

The exclusionary clause of the policy is in conflict with section 60-535, R. R. S. 1943, which provides: "Such motor vehicle liability policy shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him * * *." Where such an applicable statutory provision conflicts with the provisions of the insurance policy, the statute and not the insurance policy controls. Protective Fire & Cas. Co. v. Cornelius, 176 Neb. 75, 125 N. W. 2d 179; State Farm Mut. Auto. Ins. Co. v. Pierce, 182 Neb. 805, 157 N. W. 2d 399.

The defendant seeks to avoid this result on the theory that section 60-535, R. R. S. 1943, was not intended to apply to an owner's, as opposed to an operator's, motor vehicle liability policy. Our attention is called to certain legislative history which is purported to signify that such a distinction was intended. We deem it necessary only to observe that in 1965 the Nebraska Legislature amended section 60-535, R. R. S. 1943, by substituting the opening and closing phrases, "such motor vehicle liability policy," for the prior phrases, "such operator's policy of liability insurance." It would thus appear that any distinction which may have existed between owners' and operators' policies was eliminated by the 1965 amendment.

The statute involved, section 60-535, R. R. S. 1943, is clear and unambiguous. It was designed to implement and effectuate the strong public policy considerations present in the Motor Vehicle Safety Responsibility Act, Chapter 60, article 5, R. R. S. 1943. By its terms and on its face, the statute clearly requires no interpretation. It obviously is directed toward the public protective purposes of the Motor Vehicle Safety Responsibility Act. Its mandatory requirement as to the breadth of the coverage implements this purpose. No rule of law is more

firmly established than the one that where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. Contrary to the position of the defendant, a statute is not available for a construction as a matter of course, and if it is unambiguous, there is no room for construction. The court may not search for a meaning beyond the statute itself. Rules of interpretation are resorted to for purpose of resolving an ambiguity in the statute, and not of creating it. The rules of statutory construction, sought to be resorted to by the defendant, are not applicable. Bessey v. Board of Educational Lands & Funds, 185 Neb. 801, 178 N. W. 2d 794; Peck v. Dunlevey, 184 Neb. 812, 172 N. W. 2d 613; State v. Sabin, 184 Neb. 784, 172 N. W. 2d 89.

The judgment of the district court is correct and is affirmed.

AFFIRMED.