STATE OF NEBRASKA, APPELLEE, V.
LARRY A. JONES, APPELLANT.

307 N.W.2d 126

Filed June 26, 1981.   Nos. 43782, 43783.

Larry A. Jones, pro se.

Paul L. Douglas, Attorney General, and John Boehm for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, Retired District Judge.

PER CURIAM.

These appeals involve two automobile speeding violations allegedly occurring on August 15, 1980, as to case No. 43782, and on February 24, 1980, as to case No. 43783. Both cases were prosecuted in the county court of Merrick County, appealed to the District Court for Merrick County, and then to this court, where they were consolidated for argument. The appellant, Larry Jones, appeared pro se, and his brief contains no statement of the case, no assignments of error, no statement of facts, and only some propositions of law set forth in the most

vague form as a part of an argument that in itself is at best confusing and irrelevant. Appellant requests no relief, but the one conclusion we can make from the brief and his oral argument is that he believes that only the Supreme Court of the United States has jurisdiction over either of these cases. This belief, it would seem, is based on Article III, § 2, clause 2, of the Constitution of the United States. "In all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original jurisdiction." We dismiss both appeals as frivolous.

In case No. 43782, no final disposition was ever made by the county court. Appellant filed a special appearance challenging the jurisdiction of the court. He appealed to the District Court the order of the county court overruling his special appearance. The District Court dismissed the appeal as not timely and not involving an appealable decision, and remanded the cause to county court for further proceedings. That action was correct. An order overruling a special appearance is not a final order from which an appeal can be taken. *Root v. School Dist. No. 25*, 183 Neb. 22, 157 N.W.2d 877 (1968). In the absence of a final order which disposes of a case, this court has neither authority nor jurisdiction to act on an attempted appeal and the same will be dismissed. *Busboom v. Gregory*, 179 Neb. 254, 137 N.W.2d 825 (1965).

A final judgment of conviction was had in case No. 43783. Although no question of the sufficiency of the evidence is raised, we note that the evidence fully supports the action of the trial court. We pass only on appellant's claim that the state courts lack jurisdiction because of the Constitution of the United States. The applicability of Article III, § 2, of the U.S. Constitution, relied upon by the appellant as granting exclusive authority to the Supreme Court of the United States to hear his cases, was succinctly stated by that very Court in *Georgia v. Pennsylvania R. Co.*, 324 U.S. 439, 446, 65 S. Ct. 716, 89 L. Ed. 1051 (1945): "It is not enough that a State is plain-

tiff. The original jurisdiction is confined to civil suits where damage has been inflicted or is threatened, not to the enforcement of penal statutes of a State." The Court goes on to explain that whatever the jurisdiction of the Supreme Court under that provision might be, it is not mandatorily exclusive. "Clause 2 does not grant exclusive jurisdiction to this Court in the cases enumerated by it. . . . And it has been held that the exercise of that jurisdiction is not mandatory in every case. . . . The Court in its discretion has withheld the exercise of its jurisdiction where there has been no want of another suitable forum to which the cause may be remitted in the interests of convenience, efficiency and justice." *Id.* at 464-65.

Jurisdiction of the county court of Merrick County is clearly present as provided by Article V, § 1, of the Constitution of the State of Nebraska and Neb. Rev. Stat. § 24-517 (Reissue 1979).

When the record shows affirmatively that the only ruling complained of is clearly right and plainly in accordance with law, an appeal will be dismissed as frivolous. *In re Estate of Landon*, 98 Neb. 706, 154 N.W. 215 (1915). The appeals are dismissed.

APPEALS DISMISSED.