TRUDI MILLER, PERSONAL REPRESENTATIVE OF THE ESTATE OF TIMOTHY MILLER, DECEASED, APPELLEE, v. STAN E. WALTER, APPELLANT.

530 N.W.2d 603

Filed April 14, 1995. No. S-93-874.

Allan J. Eurek and Lisa K. Piscitelli, of Pierson, Fitchett, Hunzeker, Blake & Loftis, for appellant.

Stephen D. Mossman, of Mattson, Ricketts, Davies, Stewart & Calkins, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

LANPHIER, J.

Appellee, Trudi Miller, brought this action against appellant, Stan E. Walter, to register a California judgment in the district court for Lancaster County, Nebraska, pursuant to the Uniform Enforcement of Foreign Judgments Act. Appellant asserted the California court lacked personal jurisdiction over him because of failure of personal service, and he resisted registration of the judgment. Appellant demanded a jury trial on the issue of whether the California court possessed personal jurisdiction. The district court denied appellant's demand for a jury trial and proceeded to register the judgment. Appellant's sole assignment of error is that he was denied a jury trial on the issue of personal jurisdiction. We hold there is no right to a jury trial on the issue of personal jurisdiction. We affirm.

## BACKGROUND

On January 31, 1990, Timothy Miller obtained a default judgment against Stan E. Walter in a California municipal court. Timothy Miller died on August 10, 1992. On March 11, 1993, Trudi Miller, Timothy Miller's personal representative,

filed a second amended petition for registration of the California judgment pursuant to the Uniform Enforcement of Foreign Judgments Act in the district court for Lancaster County, Nebraska.

Appellant answered Miller's petition, alleging as an affirmative defense that the California court lacked personal jurisdiction over him and thus its judgment was not entitled to full faith and credit in Nebraska. Appellant asserted that the manner of service failed to comply with laws of the State of California. By her reply, Miller denied appellant's allegations.

On September 3, 1993, proceedings were had in the district court. Appellant demanded a jury trial on the issue of whether the California court had personal jurisdiction. The district court denied appellant's demand for a jury trial and registered the California judgment. Appellant refused to proceed with a trial to the bench because he feared that by proceeding, he would waive his right to a jury trial. Appellant and his counsel left the hearing without offering any evidence.

After appellant was excused, Miller offered her second amended petition for registration of the California judgment, several affidavits attesting to the manner of service, and certified copies of the proof of service. By its order of September 3, 1993, the district court registered the judgment of the California court as a final personal judgment.

## ASSIGNMENT OF ERROR

For his sole assignment of error, appellant asserts the district court erred in overruling his demand for a jury trial on the issue of whether the California court which entered the judgment to be registered had personal jurisdiction over appellant.

## STANDARD OF REVIEW

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Grady v. Visiting Nurse Assn.*, 246 Neb. 1013, 524 N.W.2d 559 (1994); *No Frills Supermarket v. Nebraska Liq. Control Comm.*, 246 Neb. 822, 523 N.W.2d 528 (1994); *Anderson v. Nashua Corp.*, 246 Neb. 420, 519 N.W.2d 275 (1994).

## ANALYSIS

The Uniform Enforcement of Foreign Judgments Act, Neb. Rev. Stat. § 25-1587 et seq. (Reissue 1989) provides the statutory framework for bringing an action on a foreign judgment in this state. Although the Full Faith and Credit Clause of the U.S. Constitution prohibits a Nebraska court from reviewing the merits of a judgment rendered in a sister state, a foreign judgment can be collaterally attacked by evidence that the rendering court was without jurisdiction over the parties. *First Fed. Sav. & Loan Assn. v. Wyant*, 238 Neb. 741, 472 N.W.2d 386 (1991); *Olson v. England*, 206 Neb. 256, 292 N.W.2d 48 (1980).

In his answer to Miller's petition to register the California judgment, appellant alleged that the California court lacked personal jurisdiction over him and, thus, that its judgment should not be given full faith and credit in Nebraska. Appellant asserts that by virtue of § 25-1594, he is entitled to a jury trial on this issue. Section 25-1594 provides in pertinent part: "Any defense, setoff or counterclaim, which under the law of this state may be asserted by the defendant in an action on the foreign judgment may be presented by appropriate pleadings and the issues raised thereby *shall be tried and determined as in other civil actions.*" (Emphasis supplied.)

Appellant asserts that in other civil actions, issues of fact are tried by a jury. Neb. Rev. Stat. § 25-1104 (Reissue 1989) states that "[i]ssues of fact arising in actions for the recovery of money or of specific real or personal property, shall be tried by a jury unless a jury trial is waived . . . ." Appellant argues that given the alleged factual disputes regarding whether the manner of service complied with California law, he is entitled to a jury trial, as in other civil actions. Appellant cites no cases in support of his argument.

However, jurisdiction, whether the question is subject matter jurisdiction or personal jurisdiction, is a question for the court, not the jury. *State ex rel. Grape v. Zach, ante* p. 29, 524 N.W.2d 788 (1994) (stating that subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act is a determination entrusted to the discretion of the court); *Chew v. Newsome Chevrolet, Inc.*, ____ S.C. ____, 431 S.E.2d 631

(S.C. App. 1993) (subject matter jurisdiction a question for the court, not the jury); *Board of County Com'rs v. Amarillo Hosp.*, 835 S.W.2d 115 (Tex. Civ. App. 1992); *Walker v. Superior Court*, 53 Cal. 3d 257, 807 P.2d 418, 279 Cal. Rptr. 576 (1991) (personal jurisdiction a question for the court); *Tigges v. City of Ames*, 356 N.W.2d 503 (Iowa 1984) (stating a court must determine its own authority to hear a case even if the issue requires a factual determination).

Generally, a defendant may make a special appearance for the purpose of objecting to the jurisdiction of the court over the person of the defendant. Neb. Rev. Stat. § 25-516.01 (Reissue 1989). Personal jurisdiction is a preliminary matter for the court to decide. See, e.g., *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994); *Line v. Rouse*, 241 Neb. 779, 491 N.W.2d 316 (1992); *Fisher v. City of Grand Island*, 239 Neb. 929, 479 N.W.2d 772 (1992).

Appellant's argument that he was entitled to a jury trial on the issue of personal jurisdiction necessarily fails because in the words of § 25-1594, in "other civil actions," personal jurisdiction questions are within the power of the court to decide.

## CONCLUSION

There is no right to a jury trial on the issue of whether the rendering court had personal jurisdiction over the defendant in an action to register a foreign judgment brought pursuant to § 25-1587 et seq. Appellant assigns no other errors regarding the district court's registration of the California judgment, and accordingly, we affirm the district court.

AFFIRMED.