JAMES DANNER, APPELLANT, V. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, APPELLEE.

578 N.W. 2d 902

Filed May 19, 1998.    No. A-96-1240.

Jerold V. Fennell and W. Craig Howell, of Domina & Copple, P.C., for appellant.

Wayne J. Mark and James A. Mullen, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

SIEVERS, MUES, and INBODY, Judges.

SIEVERS, Judge.

## INTRODUCTION

James Danner sues his own insurer for recovery under the uninsured motorist provision of three automobile liability policies. The primary question on appeal is whether a distinction drawn, by the insurer, between first-named insureds and second-named insureds to exclude such coverage for a second-named insured conflicts with the provisions of Neb. Rev. Stat. § 60-509.01 (Reissue 1993).

## FACTUAL BACKGROUND

On August 18, 1994, Danner was involved in an automobile accident with an uninsured motorist. Danner, a U.S. Postal Service employee, was delivering mail in a Jeep owned by the postal service at the time of the accident. On that date, Danner was identified as an insured on three separate State Farm Mutual Automobile Insurance Company (State Farm) policies. Policy No. 111 3302-C11-27H insured a 1980 Ford Pinto, and the declarations page listed the named insureds as "Danner, Kathleen & James R." The policy provided uninsured motorist coverage of $25,000 for each person. Policy No. 178 5378-B09-27 insured a 1973 Ford half-ton pickup, and the declarations page listed the named insureds as "Danner, Kathleen L & James R." The policy provided uninsured motorist coverage of $15,000 for each person. Policy No. 241 6518-C02-27 insured a 1993 Oldsmobile Cutlass, and the declarations page listed the named insureds as "Danner, Kathleen & James R." The policy provided uninsured motorist coverage of $100,000 for each person. Kathleen Danner is Danner's mother, and she is the primary driver of the 1980 Ford Pinto and the 1993 Oldsmobile Cutlass, both of which she keeps at her home in Fremont, Nebraska. Danner is the primary driver of the 1973 Ford pickup, which he keeps at his residence in Omaha, Nebraska.

## PROCEDURAL BACKGROUND

On January 9, 1996, Danner sued State Farm in the district court for Douglas County, Nebraska, alleging that State Farm, pursuant to all three policies, owed him $150,000 for damages incurred as a result of the accident. State Farm admitted in its answer that Danner's three policies provided uninsured

motorist coverage; however, it denied coverage, alleging that Danner was not an "insured" as defined in the uninsured motorist section, designated as "Coverage U," of all three policies. State Farm filed a motion for summary judgment and introduced the affidavits of Kathleen Danner and Danner, as well as Danner's deposition.

At the hearing on the motion for summary judgment, State Farm asserted that Danner was not covered by the uninsured motorist provisions of the three policies because he did not meet the definition of "insured" in the uninsured motorist coverage portion of the policies. The uninsured motorist coverage portion of each policy states: "We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*." An "insured" under coverage U is defined as:

> "*Insured* — means the *person* or *persons* covered by uninsured motor vehicle or underinsured motor vehicle coverages.
> This is:
> 1. the first *person* named in the declarations;
> 2. his or her *spouse*;
> 3. their *relatives*; and
> 4. any other *person* while *occupying*:
>
> a. *your car*, a *temporary substitute car*, a *newly acquired car* or a trailer attached to such *car*. Such vehicle has to be used within the scope of the consent of *you* or *your spouse*; or
>
> b. a *car* not owned by *you*, *your spouse* or any *relative*, or a trailer attached to such *car*. It has to be driven by the first *person* named in the declarations or that *person's spouse* and within the scope of the owner's consent.

State Farm argued that under the above definition of "insured," the only way Danner could recover was if he qualified as a "relative" because (1) Kathleen Danner was the first person named in the declaration of each policy and (2) Kathleen was not driving the postal service Jeep on the date of the accident. According to the general definition section in each policy, a rel-

ative "means a person related to you or your spouse by blood, marriage or adoption *who lives with you.*" (Emphasis omitted and supplied.) Danner admitted in his deposition that he did not live with his mother.

Danner argued that State Farm's refusal to provide him with uninsured motorist benefits violated § 60-509.01. Although § 60-509.01 was repealed January 1, 1995, see current statutes at Neb. Rev. Stat. § 44-6401 et seq. (Cum. Supp. 1996), § 60-509.01 applies to the present case because the policies were entered into before the repeal date. Section 60-509.01 provides, in pertinent part:

> No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 60-509, under provisions approved by the Director of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

In an order filed November 8, 1996, the district court granted State Farm's motion for summary judgment. The court found that "there is not a conflict between the statute and the contracts of insurance . . . because the insurance policies in question do provide for such coverage." Danner then perfected his appeal to this court.

## ASSIGNMENTS OF ERROR

Danner argues that the district court erred (1) in granting State Farm's motion for summary judgment and (2) in failing to hold that the insurance policies violated § 60-509.01 and Neb. Rev. Stat. § 60-535 (Reissue 1993).

## STANDARD OF REVIEW

When reviewing a question of law, an appellate court reaches a conclusion independent of the district court's ruling. *Board of*

*Regents v. Pinzon*, 254 Neb. 145, 575 N.W.2d 365 (1998). Because the facts are undisputed, we are presented with a question of law.

## ANALYSIS

■ The essence of § 60-509.01 is that automobile liability insurance policies cannot be issued in Nebraska unless they include coverage for "the protection of persons *insured thereunder*" who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. (Emphasis supplied.) See *Braesch v. Union Ins. Co.*, 237 Neb. 44, 464 N.W.2d 769 (1991). Danner argues that if State Farm's uninsured motorist coverage is allowed to exclude a named insured whose name appears second in the listing of the "named insureds" when such person is driving an unowned vehicle, then the policy violates § 60-509.01.

■ Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Metropolitan Utilities Dist. v. Balka*, 252 Neb. 172, 560 N.W.2d 795 (1997). Courts will, if possible, try to avoid a construction of a statute which leads to absurd, unjust, or unconscionable results. *Hoiengs v. County of Adams*, 254 Neb. 64, 574 N.W.2d 498 (1998). Interpretation of an unambiguous term or provision in an insurance policy presents a question of law. *State Farm Mut. Auto. Ins. Co. v. Hildebrand*, 243 Neb. 743, 502 N.W.2d 469 (1993).

■ The language of § 60-509.01 clearly requires that uninsured motorist coverage be included in an automobile insurance policy for the benefit of any "persons insured thereunder." The statute does not differentiate between the first person named on the declarations page and the second person named—it mandates that "persons" insured under the policy must be covered. Section 60-509.01 was enacted for the benefit of the innocent victim of a financially irresponsible motorist, and the statute "is to be liberally construed to fully accomplish that purpose." *Protective Fire & Cas. Co. v. Woten*, 186 Neb. 212, 216, 181 N.W.2d 835, 837 (1970), *overruled on other grounds, Kracl v. Aetna Cas. & Surety Co.*, 220 Neb. 869, 374 N.W.2d 40 (1985). The Committee Statement on L.B. 403, the bill which intro-

duced § 60-509.01, recites: "LB 403 provides that a provision be included as a part of contracts or insurance policies to protect the insured against the uninsured driver. . . . [T]his provision would be automatic on all policies unless otherwise requested by the applicant for insurance." Banking, Finance, and Insurance Committee, 73d Leg. (Mar. 25, 1963). We disagree with the district court's conclusion that the policies do not conflict with the statute, particularly so when § 60-509.01 is liberally construed. Danner is clearly insured from liability under all three policies. Each declarations page designates "James Danner" as a "named insured," and thus State Farm was statutorily obligated to provide him, as well as Kathleen Danner, with uninsured motorist coverage. State Farm sold and issued the policies with uninsured motorist coverage.

Nonetheless, State Farm argues, "It is only in the limited and unusual circumstances presented here — driving a non-owned government vehicle . . . that a named (but not 'first-named') insured will not be entitled to coverage." Brief for appellee at 8. State Farm does not tell us why it should be able to sell a policy to joint owners of a vehicle who are related, but do not live together, and to exclude one from having uninsured motorist coverage merely by listing such person second. Other than to reduce State Farm's exposure, we can think of no reason. While it generally is permissible for an insurance company to write a policy which limits coverage, see *Kracl, supra*, the insurance company cannot do so when public policy is violated. Obviously, § 60-509.01 was the public policy of Nebraska when the insurance policies were issued.

State Farm would have us find the narrower definition of "insured" under the uninsured motorist coverage U controls over the broader policy definition of insured. While an insurance company has a right of contract when issuing a policy to predetermine who is to be the "insured," once that determination is made, the persons insured under the uninsured motorist provisions of the policy cannot be defined differently so as to limit or restrict the persons insured or to thereby dilute coverage. See *Farmers Ins. Co. v. Schiller*, 226 Kan. 155, 597 P.2d 238 (1979). A person covered or insured as a named insured in a policy cannot be eliminated by definition from uninsured cov-

erage. *Id.*, citing *Van Hoozer v. Farmers Insurance Exchange,* 219 Kan. 595, 549 P.2d 1354 (1976). The de facto exclusion of the last named of two named insureds from uninsured motorist coverage is a violation of public policy and cannot stand. An insurance policy exclusion which is inconsistent with a statute is invalid. See *Milwaukee Mut. Ins. Co. v. Willey,* 481 N.W.2d 146 (Minn. App. 1992).

When an applicable statutory provision conflicts with the provisions of an insurance policy, the statute and not the insurance policy controls. *Rudder v. American Standard Ins. Co. of Wisconsin,* 187 Neb. 778, 194 N.W.2d 175 (1972); *Protective Fire & Cas. Co. v. Cornelius,* 176 Neb. 75, 125 N.W.2d 179 (1963). In *Stephens v. Allied Mut. Ins. Co.,* 182 Neb. 562, 565-66, 156 N.W.2d 133, 136-37 (1968), the Supreme Court of Nebraska stated:

> A provision, drawn by the insurer to comply with the statutory requirement of uninsured motorist coverage, must be construed in light of the purpose and policy of the statute. Such a provision, drawn in pursuance of a statutorily declared public policy, is enacted for the benefit of injured persons traveling on the public highways. Its purpose is to give the same protection to the person injured by an uninsured motorist as he would have had if he had been injured in an accident caused by an automobile covered by a standard liability policy. Such provisions are to be liberally construed to accomplish such purpose.

The State Farm policy, specifically the definition of "insured" in "Coverage U" as only the "first person" named in the declarations, violates the protective provisions of § 60-509.01, and therefore the policy definition is unenforceable. Therefore, we reverse the district court's decision granting summary judgment in favor of State Farm and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.