RHONDA SCHWEITZER, APPELLANT, v. AMERICAN NATIONAL RED CROSS AND SESOSTRIS SHRINE TEMPLE, APPELLEES.

591 N.W.2d 524

Filed March 5, 1999. No. S-97-1055.

Rod Rehm for appellant.

Carl J. Sjulin and Daniel E. Klaus, of Rembolt Ludtke & Berger, for appellee Red Cross.

William L. Tannehill and Corey L. Stull, of Knudsen, Berkheimer, Richardson, Endacott & Routh, for appellee Shrine Temple.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Rhonda Schweitzer appeals an order of the district court for Lancaster County, in which the district court concluded that it was without jurisdiction to entertain Schweitzer's claim for damages and entered summary judgment in favor of the American National Red Cross (Red Cross) and Sesostris Shrine Temple (Shrine Temple) and dismissed Schweitzer's petition. We reverse, and remand for further proceedings.

## STATEMENT OF FACTS
Schweitzer injured her right wrist when she fell during a performance of the Shrine circus at Pershing Municipal Auditorium in Lincoln on March 19, 1995. Schweitzer was present at the circus with the Red Cross to provide emergency health services to circus patrons. Schweitzer slipped as she went up a flight of stairs to assist a circus patron who was having a seizure.

Schweitzer filed a petition in the district court for Lancaster County seeking damages against Red Cross and Shrine Temple on September 10, 1996. In paragraph 4 of her petition, Schweitzer alleged that Red Cross was her "direct employer." In paragraph 7 she alleged, inter alia, that she was a "statutory employee" of Shrine Temple "pursuant to Neb. Rev. Stat. §48-116 [Reissue 1998]." Chapter 48 contains Nebraska's

workers' compensation statutes, which provide for the handling of claims by "employees" for work-related injuries. Both Red Cross and Shrine Temple denied that Schweitzer was an employee of their organizations. Both Red Cross and Shrine Temple alleged Schweitzer was a volunteer. Schweitzer sought an award of special damages of $10,000 for medical expenses, compensation in an unspecified amount for lost wages and lost earning capacity, and an award of general damages for physical pain and mental suffering. Schweitzer alleged that she was entitled to damages generally because the Red Cross and Shrine Temple failed to provide her with a safe workplace. In connection with this allegation, she specified five failures, such as failure to provide adequate lighting. Schweitzer alleged that despite her "employee" status, neither Red Cross nor Shrine Temple "possessed a policy of workers' compensation insurance that was in effect to provide coverage for the plaintiff [Schweitzer]."

The trial court overruled the demurrers which Red Cross and Shrine Temple filed to Schweitzer's petition. In their respective answers, both Red Cross and Shrine Temple denied, inter alia, Schweitzer's allegation that they failed to carry workers' compensation insurance to cover her. Red Cross and Shrine Temple both affirmatively alleged that the district court was without jurisdiction to adjudicate Schweitzer's claims.

Red Cross and Shrine Temple subsequently moved for summary judgment. The substance of Red Cross' and Shrine Temple's motions for summary judgment was that the issues of whether Schweitzer was an employee as she claimed and whether Red Cross and Shrine Temple carried workers' compensation insurance for her were the exclusive province of the Workers' Compensation Court.

Red Cross offered, inter alia, Schweitzer's deposition testimony in support of the summary judgment motions. In her deposition, in answer to the question, "Do you consider Red Cross to be your employer?" Schweitzer testified, "Yes, I do."

In her deposition, Schweitzer testified that she fell going up a staircase, slipping on a step upon which she thought soda pop had been spilled. Schweitzer admitted that she had a flashlight for use while attending to circus patrons' health and safety needs in the semidarkened auditorium, but she was not using it

when she fell. Schweitzer testified as to the equipment which the Red Cross provided to its first-aid teams; the training required to be on the first-aid team; and the benefits conferred on the first-aid team members, such as food at the events at which they participated. Schweitzer stated that she understood that Red Cross had insurance and complained that the Red Cross had not paid for her medical treatment. She expressed no specific complaint against Shrine Temple.

Schweitzer offered two depositions in opposition to the summary judgment motions of Red Cross and Shrine Temple. Exhibit 2 is deposition testimony of Kathy Hill, who was employed as the Red Cross director of health and safety at the time Schweitzer was injured. One of Hill's duties was supervising first-aid teams which provided health assistance at public events. Hill testified that Schweitzer was a first-aid team member before Hill came to work for Red Cross. Hill did not testify regarding whether Schweitzer was an employee of Red Cross or Shrine Temple when she was injured. Hill did not testify about the existence of workers' compensation insurance.

Exhibit 3 offered into evidence by Schweitzer was the deposition testimony of Nora Barrett, a licensed practical nurse who was a Red Cross coordinator for Pershing events for the 5 years preceding Schweitzer's injury. Barrett described the safety equipment Red Cross provided at Pershing for emergency team use and the Red Cross manual describing team members' emergency response procedures. Barrett testified that she saw Schweitzer fall on the stairs and that she assisted Schweitzer in completing an incident report form. Barrett testified that she had no knowledge of the financial relationship between Red Cross and Shrine Temple regarding the circus performances. She offered no testimony regarding whether Schweitzer was an employee of Red Cross or Shrine Temple. Barrett did not testify about the existence of workers' compensation insurance.

The trial court sustained the summary judgment motions of Red Cross and Shrine Temple and dismissed the petition. In an order filed September 4, 1997, the trial court noted that in her petition, Schweitzer alleged that she was in the employ of the Red Cross when the accident causing her injuries occurred, and that

[i]nasmuch as the plaintiff has based her cause of action on the theory that she was an employee of the Red Cross and that her injury occurred in the course of such employment, her remedy is limited to that available under the Workers' Compensation Act and this court has no jurisdiction.

This appeal followed.

## ASSIGNMENT OF ERROR

Schweitzer claims that the trial court erred in concluding that the Workers' Compensaticn Court had exclusive jurisdiction over her claims and thus that the court erred in granting Red Cross' and Shrine Temple's motions for summary judgment and dismissing her petition.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record demonstrate that there is no genuine issue as to any material fact or as to the ultimate inferences which may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Community First State Bank v. Olsen*, 255 Neb. 617, 587 N.W.2d 364 (1998).

In reviewing an order of summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Herman Bros. v. Great West Cas. Co.*, 255 Neb. 88, 582 N.W.2d 328 (1998).

Subject matter jurisdiction is a question of law for the court. *Miller v. Walter*, 247 Neb. 813, 530 N.W.2d 603 (1995). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Zimmerman v. FirsTier Bank*, 255 Neb. 410, 585 N.W.2d 445 (1998).

Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action before the court and the particular question which it assumes to determine. *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994).

## ANALYSIS

### SCHWEITZER'S EMPLOYEE STATUS

The existence of an employer-employee relationship is essential in establishing the nature and scope of the relief to which an employee is entitled for his or her work-related injury. *Anthony v. Pre-Fab Transit Co.*, 239 Neb. 404, 476 N.W.2d 559 (1991). Whether an employer-employee relationship exists must be decided on the facts of each case. See, *Tompkins v. Raines*, 247 Neb. 764, 530 N.W.2d 244 (1995); *Marlow v. Maple Manor Apartments*, 193 Neb. 654, 228 N.W.2d 303 (1975). Nebraska district courts have, in numerous instances, examined the existence of employee status for workers' compensation purposes in actions brought initially in district court in which the plaintiff has sought damages for injuries. See, e.g., *P.A.M. v. Quad L. Assocs.*, 221 Neb. 642, 380 N.W.2d 243 (1994).

In the instant case, Schweitzer seeks damages pursuant to the petition she filed in the district court. Based on her petition, Schweitzer admits that she is an "employee" of Red Cross and Shrine Temple and that Red Cross was her "direct employer" pursuant to the Nebraska Workers' Compensation Act (the Act) provisions found in chapter 48. An admission made in a pleading on which trial is had is more than an ordinary admission. It is a judicial admission and constitutes a waiver of all controversies so far as an adverse party desires to take advantage of it, and therefore it is a limitation of the issues. *Radecki v. Mutual of Omaha Ins. Co.*, 255 Neb. 224, 583 N.W.2d 320 (1998); *Whalen v. U S West Communications*, 253 Neb. 334, 570 N.W.2d 531 (1997); *Sands v. School Dist. of City of Lincoln*, 7 Neb. App. 28, 581 N.W.2d 894 (1998). In this regard, we note that in her deposition testimony, Schweitzer reiterated her claim that she was a Red Cross employee injured in the course of performing her employment duties, and similarly, in her appellate brief, Schweitzer insists that she is an "employee" of Red Cross and Shrine Temple.

In the instant case, in support of their motions for summary judgment, Red Cross and Shrine Temple presented judicial admissions and offered evidence designed to establish that Schweitzer was an "employee" of Red Cross, and by admission, an employee of Shrine Temple. However, both Red Cross and

Shrine Temple denied in their respective answers that Schweitzer was an employee and affirmatively alleged that she was a volunteer. Thus, the record regarding Schweitzer's employment status was in conflict. Given the factual dispute in the record, for purposes of evaluating its exercise of jurisdiction, the trial court did not explicitly find that Schweitzer was an "employee," but nevertheless treated Schweitzer as having employee status under the Act. Thus, simply for purposes of reviewing the district court's order noting that "[i]nasmuch as the plaintiff has based her cause of action on the theory that she was an employee of the Red Cross and that her injury occurred in the course of such employment" and of evaluating the district court's legal conclusion that it lacked jurisdiction, we treat Schweitzer as an employee for workers' compensation purposes.

The Act is an employee's exclusive remedy against an employer for an injury arising out of and in the course of employment. Neb. Rev. Stat. §§ 48-101 and 48-109 (Reissue 1998); *Kaiser v. Millard Lumber,* 255 Neb. 943, 587 N.W.2d 875 (1999); *Daniels v. Pamida, Inc.,* 251 Neb. 921, 561 N.W.2d 568 (1997). Thus, an employee cannot normally maintain a negligence suit against his or her employer regarding an injury arising out of and in the course of employment; his or her sole remedy is a claim for workers' compensation, and all disputed workers' compensation claims "shall be submitted to the Nebraska Workers' Compensation Court." Neb. Rev. Stat. § 48-161 (Reissue 1993). Absent any other allegations, a determination of employee status under the Act is ordinarily sufficient for the district court to end its analysis and dismiss a purported negligence suit.

However, Schweitzer argues that notwithstanding the fact that her negligence suit is based upon an injury arising out of and in the course of employment, she may maintain her suit in district court because she alleged that Red Cross and Shrine Temple did not maintain workers' compensation insurance to cover her injury. Although Red Cross and Shrine Temple denied the allegation that they lacked appropriate insurance, there is no evidence one way or the other on this issue. Neb. Rev. Stat. § 48-145(3) (Reissue 1993) provides in pertinent part: "Every

employer who fails, neglects, or refuses to comply with the conditions [regarding the maintenance of insurance] shall be required to respond in damages to an employee for personal injuries . . . ." Such damages may be sought in district court. Thus, working on the assumption that Schweitzer has employee status, the resolution of the issue of whether Red Cross and Shrine Temple maintained proper insurance is determinative of whether Schweitzer may continue to pursue a negligence suit in district court.

### DETERMINATION OF EXISTENCE OF WORKERS' COMPENSATION INSURANCE

In response to Schweitzer's assertion that the district court could properly determine the insurance issue, Red Cross and Shrine Temple argue that the district court found Schweitzer to be an employee and once it was established that Schweitzer was an employee under the Act, the Workers' Compensation Court had exclusive jurisdiction to determine the issue of the existence of workers' compensation insurance. Applying the current statutory law, we determine that although the existence of insurance may be decided in the Workers' Compensation Court in a claim before it under § 48-161, such jurisdiction is not exclusive, and the issue of the existence of workers' compensation insurance on the facts of this case is to be decided in the district court where the action was filed. Accordingly, the district court's conclusion that it lacked subject matter jurisdiction to determine the issue of the existence of insurance was incorrect, and we reverse the district court's grant of summary judgment and dismissal of Schweitzer's petition and remand the cause for further proceedings consistent with this opinion.

Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings belong and to deal with the general subject involved in the action before the court and the particular question which it assumes to determine. *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994).

Neb. Const. art. V, § 9, provides that "district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide." The district

court is not a court of limited jurisdiction. *Fisher v. Keeler*, 142 Neb. 79, 5 N.W.2d 143 (1942). Rather, its jurisdiction is general, original, and appellate in all matters civil and criminal, except where otherwise provided. *Id.* See, also, Neb. Rev. Stat. § 24-302 (Reissue 1995).

Because the district court's general jurisdiction emanates from the Nebraska Constitution itself, the Legislature cannot limit or control the jurisdiction of the district court. *In re Estate of Steppuhn*, 221 Neb. 329, 377 N.W.2d 83 (1985). However, where the Constitution does not fix the jurisdiction of any class or grade of courts, the jurisdiction and powers of any such class may be regulated by the Legislature. *State v. Magney*, 52 Neb. 508, 72 N.W. 1006 (1897). A statutorily created court, such as the Workers' Compensation Court, has only such authority as has been conferred upon it by statute, and its power cannot extend beyond that expressed in the statute. *Jolly v. State*, 252 Neb. 289, 562 N.W.2d 61 (1997); *Buckingham v. Creighton University*, 248 Neb. 821, 539 N.W.2d 646 (1995); *Shada v. Whitney*, 172 Neb. 220, 109 N.W.2d 167 (1961). Thus, for example, in *Thomas v. Omega Re-Bar, Inc.*, 234 Neb. 449, 451 N.W.2d 396 (1990), we held that under the terms of the Act as it then existed, the Workers' Compensation Court was without jurisdiction to adjudicate insurance coverage disputes, because the Act did not specifically confer such authority upon it.

Following our opinion in *Thomas v. Omega Re-Bar, Inc., supra*, the Legislature amended § 48-161 and clarified that the Workers' Compensation Court is vested with jurisdiction "to decide any issue ancillary to the resolution of an employee's right to workers' compensation benefits." This statute was amended to vest the Workers' Compensation Court with the power to determine insurance coverage disputes in the claims before it, including the existence of coverage, and the extent of an insurer's liability. See 1990 Laws, L.B. 313. See, also, *Curtice v. Baldwin Filters Co.*, 4 Neb. App. 351, 543 N.W.2d 474 (1996); 9 Arthur Larson & Lex K. Larson, Workers' Compensation Law § 92.41 (1998).

While the 1990 amendment to § 48-161 generally created authority for the Workers' Compensation Court to determine all issues ancillary to a workers' compensation claim before it,

including insurance coverage disputes, § 48-161 as amended does not specify that the Workers' Compensation Court is the exclusive forum that may make such a determination. *Curtice v. Baldwin Filters Co., supra.* Had the Legislature intended the Workers' Compensation Court to be the exclusive forum for determining insurance coverage disputes, such would be expressed in § 48-161 or elsewhere in the Act. Absent such statutory expression, we cannot presume that the district court has been stripped of the jurisdiction to determine a workers' compensation insurance issue when that issue is, by statute, determinative of whether a negligence suit currently before it can be pursued in district court.

Where the Legislature has designated an exclusive forum for resolution of a claim or issue, a litigant may be required to follow the statutory scheme passed by the Legislature in order to gain relief. *Rehn v. Bingaman*, 151 Neb. 196, 36 N.W.2d 856 (1949). Where the law does not mandate an exclusive forum for a particular issue, the issue may be resolved in the district court according to the constitutional grant of general jurisdiction in the district court. *State v. Jones*, 209 Neb. 296, 307 N.W.2d 126 (1981). A litigant may ask the district court, a court of general jurisdiction, to exercise its inherent power. Doing so may not, however, toll the applicable statute of limitations on other aspects of the litigant's claim. *In re Estate of Weinberger*, 207 Neb. 711, 300 N.W.2d 818 (1981). See, also, *Tompkins v. Raines*, 247 Neb. 764, 530 N.W.2d 244 (1995) (in disputes regarding employment status for purposes of workers' compensation coverage, it may be advisable for litigant to file first in Workers' Compensation Court to preserve rights subject to statute of limitations applicable to workers' compensation claims).

Our determination that in a proper case, the district court has concurrent jurisdiction with the Workers' Compensation Court to examine the existence of insurance coverage as to a certain employee, is not inconsistent with other cases concluding that the district court's general, concurrent jurisdiction may be invoked where it is factually or legally appropriate to do so. See, e.g., *Curtice v. Baldwin Filters, supra* (holding that although Workers' Compensation Court was proper forum for insurance

coverage dispute under specific facts of that case, district court possessed concurrent jurisdiction because of general equity powers). In a number of areas, the appellate courts of this state have specifically held that the district court is a proper forum for resolution of other aspects of workers' compensation cases. See, e.g., *Sherard v. State*, 244 Neb. 743, 509 N.W.2d 194 (1993) (holding that district court had jurisdiction to issue writ of execution to collect unpaid interest on fees awarded in workers' compensation case); *Kaiman v. Mercy Midlands Medical & Dental Plan*, 1 Neb. App. 148, 491 N.W.2d 356 (1992) (holding that attorney could maintain action in district court for unpaid fees as result of workers' compensation award). Here, it is appropriate for the district court to determine the insurance issue because although the insurance *issue* in the instant case directly relates to workers' compensation provisions, the instant *claim* of negligence as alleged is not derived from the Act. In her petition filed in district court, Schweitzer asserts a negligence suit, not a workers' compensation claim. Absent some express statute to the contrary, the district court has jurisdiction to determine whether a lawsuit is properly before it.

Having concluded that the district court had jurisdiction to determine the existence of the insurance issue, we now examine the evidence on this issue in connection with the resolution of Red Cross' and Shrine Temple's motions for summary judgment. In the instant case, Schweitzer alleged in her petition that Red Cross and Shrine Temple did not maintain workers' compensation insurance to cover her. Both Red Cross and Shrine Temple denied this allegation. Somewhat inconsistently with her petition, Schweitzer testified in her deposition submitted as evidence in the summary judgment proceedings that she thought Red Cross had workers' compensation insurance. Notwithstanding their motions for summary judgment, neither Red Cross nor Shrine Temple offered any conclusive evidence whether or not they possessed workers' compensation insurance. Thus, the evidence submitted to the trial court on the issue of the existence of insurance raised by the summary judgment motions neither proved nor disproved the truth of Schweitzer's allegation that Red Cross and Shrine Temple did not maintain workers' compensation insurance. Taking the inferences in

favor of Schweitzer, on this record, there is a genuine issue of material fact as to the existence of workers' compensation insurance covering Schweitzer's alleged injuries if, indeed, they are compensable, a question we do not reach. Where a genuine issue of material fact exists, summary judgment cannot properly be granted. *Smith v. Paoli Popcorn Co.*, 255 Neb. 910, 587 N.W.2d 660 (1999).

Because we conclude that the district court had jurisdiction to decide the insurance issue and because there is a genuine issue of material fact as to the existence of applicable insurance maintained by both Red Cross and Shrine Temple, which, on these facts, should be decided by the district court, the grant of summary judgment and dismissal of Schweitzer's petition were improper.

## CONCLUSION

The trial court made no explicit finding as to Schweitzer's employee status. The district court's grant of Red Cross' and Shrine Temple's motions for summary judgment and subsequent dismissal of the petition were based on a purported lack of subject matter jurisdiction to decide the issue of the existence of insurance that was an incorrect conclusion of law, and the order of judgment and dismissal is reversed. Because there are genuine issues of material fact regarding the existence of workers' compensation insurance applicable to Schweitzer maintained by Red Cross and Shrine Temple and regarding Schweitzer's employee status, the cause is remanded to the district court for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

STEPHAN, J., not participating.