770 N.W.2d 652 (2009)
17 Neb. App. 687
John KRUID, appellant,
v.
FARM BUREAU MUTUAL INSURANCE COMPANY and WESTERN AGRICULTURAL INSURANCE COMPANY, appellees.
No. A-08-883.
Court of Appeals of Nebraska.
June 16, 2009.
*655 George H. Moyer, of Moyer, Egley, Fullner & Montag, for appellant.
Anne E. Winner, of Keating, O'Gara, Nedved & Peter, P.C., L.L.O., Lincoln, for appellees.
INBODY, Chief Judge, and CASSEL, Judge.
CASSEL, Judge.

INTRODUCTION
John Kruid filed a declaratory action seeking a judgment that his Nebraska workers' compensation insurance policy covered an employee working solely at Kruid's South Dakota business location. The district court granted the insurers' motion for summary judgment on the basis that the terms of the policy did not cover such an employee. Because the Nebraska Workers' Compensation Act (the Act) mandates that workers' compensation insurance policies cover all employees who fall within the purview of the Act, we conclude that the district court erred in finding that the terms of the policy limited coverage to employees located in Nebraska and in granting summary judgment.

BACKGROUND
Because the only motion for summary judgment filed was that of the insurers, we state the facts in the light most favorable to Kruid, the nonmoving party.
At some time during the spring of 2004, Bruce Knutson claimed to have suffered a sciatic nerve injury while he was employed by Kruid. Knutson worked at Kruid's business location in Sioux Falls, South Dakota, called Pax Equipment. Knutson worked for Kruid only in South Dakota. Kruid's workers' compensation insurance carriers, Farm Bureau Mutual Insurance Company and Western Agricultural Insurance Company (collectively Farm Bureau), denied coverage.
Kruid owned Madison Farm Supply (Farm Supply) in Madison, Nebraska. Farm Supply sells livestock feeding equipment, assembles feed bins, and functions as a warehouse that distributes Pax brand *656 equipment to dealers. Kruid has employees in Madison who help him run the business.
In 1999, Kruid purchased the Pax Equipment location to serve as a warehouse. Kruid's purpose in purchasing Pax Equipment was to provide his customers in South Dakota, Minnesota, and Iowa with a more convenient location to pick up the Pax merchandise they had ordered.
In Kruid's deposition, he testified that Knutson was a full-time employee of Farm Supply in 2004. Kruid also responded affirmatively to the statement that in "2004,... Knutson ... came on board, allegedly originally intended to be a full-time employee, but actually turned out [to be] a part-time employee of Pax Equipment."
Kruid owned both business locations personally and did not transact business through any form of business entity. Kruid conducted the administrative functions for both Farm Supply and Pax Equipment in Madison and maintained all business records there. Further, Kruid ran both locations in conjunction with his sales job with the distributing company that manufactured Pax brand equipment. In Kruid's deposition, he specifically denied that he considered Farm Supply and Pax Equipment as separate businesses. He explained:
The only reason we kept Pax Equipment o[r] Pax on the building in Sioux Falls was to identify what the company was. ... Our feed bins, our brand names. We could easily have called it Madison Farm Supply, Sioux Falls warehouse, but our dealers and customers would have no idea what that was. We needed to keep the Pax logo on the building.
Kruid's workers' compensation insurance policy with Farm Bureau listed "John Kruid D/B/A Madison Farm Supply" as the insured and typically listed "604 Industrial Pkw Rd Madison NE 68748" (one year's policy had minor immaterial variations in the address) as the location of the business insured. The policy provided as follows regarding the locations it covered: "E. Locations This policy covers all of your workplaces listed in Items 1 or 4 of the Information Page; and it covers all other workplaces in Item 3.A. states unless you have other insurance or are self-insured for such workplaces." No workplaces other than the Madison location were listed, and the only state listed under 3.A. was Nebraska. No other portion of the policy provided coverage in states not listed.
After Farm Bureau denied Knutson's claim, Kruid filed a complaint in the district court for Madison County, Nebraska, in which he alleged that the policy covered "his employees in South Dakota and, in particular, the claim of ... Knutson." Kruid requested a judgment in the amount of the attorney fees he had expended in defending Knutson's subsequent workers' compensation claim in South Dakota and a declaration that the policy covered his South Dakota employees. Kruid also alleged a second cause of action for reformation of the insurance contract. Farm Bureau filed an amended answer denying that coverage was provided under the policy and alleging that Kruid made misrepresentations on his application for insurance.
Farm Bureau moved for summary judgment on Kruid's first cause of action only, which sought a declaratory judgment that the policy provided coverage. Kruid did not file a motion for summary judgment.
The district court granted Farm Bureau's motion for summary judgment. The court reasoned that the terms of the policy did not provide coverage for Kruid's employees in South Dakota. Kruid then appealed to this court in case No. A-08-443, *657 which we summarily dismissed on June 2, 2008, because of the unresolved second cause of action. After the district court granted Kruid's motion to voluntarily dismiss his second cause of action, he timely appealed to this court.

ASSIGNMENTS OF ERROR
Kruid assigns that the district court erred in (1) finding that Farm Bureau's workers' compensation policies did not cover employees working in South Dakota and (2) sustaining Farm Bureau's motion for summary judgment.

STANDARD OF REVIEW
Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Jardine v. McVey, 276 Neb. 1023, 759 N.W.2d 690 (2009). In reviewing a summary judgment, the court views the evidence in the light most favorable to the party against whom the judgment was granted, and the court gives that party the benefit of all reasonable inferences deducible from the evidence. Id.

ANALYSIS
We find that the district court erred in granting Farm Bureau's motion for summary judgment. Although in the instant case the terms of the insurance policy cover only workplaces in Nebraska, the Act mandates additional coverage and, to the extent of any conflict, overrides the insurance contract.
Kruid does not contend that the applicable policy, on its face, covers employees located solely outside of Nebraska. The plain language of the policy made it clear that the terms of the policy did not cover employees working solely outside of Nebraska. When the terms of a contract are clear, they are to be accorded their plain and ordinary meaning. Pavers, Inc. v. Board of Regents, 276 Neb. 559, 755 N.W.2d 400 (2008).
Kruid instead argues that even though the language of the policy would exclude Knutson's claim, the policy necessarily provides all coverage that is mandated by the Act. We agree. An insurer may limit its liability and impose restrictions and conditions upon its obligations under an insurance contract as long as the restrictions and conditions are not inconsistent with public policy or statute. See Lynch v. State Farm Mut. Auto. Ins. Co., 275 Neb. 136, 745 N.W.2d 291 (2008). However, when an applicable statutory provision conflicts with the provisions of an insurance policy, the statute and not the insurance policy controls. Danner v. State Farm Mut. Auto. Ins. Co., 7 Neb.App. 47, 578 N.W.2d 902 (1998). See Rudder v. American Standard Ins. Co. of Wisconsin, 187 Neb. 778, 194 N.W.2d 175 (1972). In Rudder, an automobile insurance company denied a claim because a clause in the policy excluded coverage in certain circumstances where the policy holder was not driving his own car. The Nebraska Supreme Court held that because a statute required a motor vehicle liability policy to provide coverage under the circumstances, the policy provided coverage even though the policy language excluded coverage. Therefore, if the Act requires coverage under the applicable facts, it would override the insurance policy.
The Act mandates that insurers cover all of the employees for which the employer is liable under the Act. Pursuant to Neb.Rev.Stat. § 48-146 (Reissue 2004), all workers' compensation insurance policies "shall include within their terms the *658 payment of compensation to all employees, officers, or workers who are within the scope and purview of the ... Act." Statutory interpretation presents a question of law. Steffen v. Progressive Northern Ins. Co., 276 Neb. 378, 754 N.W.2d 730 (2008). Absent anything to the contrary, statutory language is to be given its plain meaning, and a court will not look beyond the statute or interpret it when the meaning of its words is plain, direct, and unambiguous. McNally v. City of Omaha, 273 Neb. 558, 731 N.W.2d 573 (2007). The plain language of the statute requires that a workers' compensation insurance policy cover all employees that fall within the purview of the Act.
As a respected commentator has explained, statutes similar to the Actwhich statutes purport to provide full coverage generally require "coverage of all employees of the assured in all occupations and all businesses." 9 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 151.02 at 151-3 (2007). Thus, under Nebraska's full coverage statute, Farm Bureau's policy covers all of Kruid's employeesincluding Knutsonso long as the employee falls within the scope of the Act.
At oral argument, Farm Bureau's counsel conceded that the Act is a "full coverage" statute, but asserted that the Nebraska Workers' Compensation Court had exclusive, original jurisdiction to determine whether Knutson was covered under the Act. We disagree with counsel's assertion that the compensation court's jurisdiction is exclusive. Due to the nature of Kruid's claim, the district court had jurisdiction to determine the extent of the insurance coverage afforded to Kruid.
The Nebraska Supreme Court's decision in Schweitzer v. American Nat. Red Cross, 256 Neb. 350, 591 N.W.2d 524 (1999), explained the principles which support the conclusion that the district court had jurisdiction to hear the instant case. The Supreme Court described the effect of a 1990 amendment to Neb.Rev.Stat. § 48-161 (Reissue 2004). Prior to the 1990 amendment, § 48-161 did not confer jurisdiction over workers' compensation insurance coverage disputes upon the Workers' Compensation Court. Thus, until the 1990 amendment, only the district court had jurisdiction of issues of insurance coverage pursuant to its general grant of jurisdiction under Neb. Const. art. V, § 9. The 1990 amendment granted ancillary jurisdiction of such disputes to the compensation court. The Supreme Court then discussed the situation after the 1990 amendment and stated that although the existence of insurance may be decided in the Workers' Compensation Court in a claim before it pursuant to § 48-161, such jurisdiction is not exclusive. The Supreme Court explained that the 1990 amendment of § 48-161 did not destroy the district court's jurisdiction over coverage disputes because the district court's general jurisdiction emanates from the Nebraska Constitution itself and that therefore the Legislature cannot limit or control the jurisdiction of the district court. See Schweitzer v. American Nat. Red Cross, supra. Additionally, the Supreme Court observed that if the Legislature had designated the Workers' Compensation Court as the exclusive forum for resolution of coverage disputes, the parties would be required to submit the dispute to the Workers' Compensation Court in order to obtain relief. However, the Supreme Court concluded that this was not the case because there was no such requirement in § 48-161. The Supreme Court emphasized that the district court's jurisdiction was appropriate because the underlying claim in the suit before the district court was not derived from the *659 Act. In Schweitzer, the plaintiff had asserted a common-law negligence claim.
In the instant case, Kruid asserted a claim founded on breach of an insurance contract, and because the district court has the constitutional authority to decide common-law actions for breach of contract, the court had the power to decide the insurance coverage dispute presented in the instant case. Where the law does not mandate an exclusive forum for a particular issue, the issue may be resolved in the district court according to the constitutional grant of general jurisdiction in the district court. Schweitzer v. American Nat. Red Cross, supra. Of course, an action for declaratory judgment is sui generis; whether such action is to be treated as one at law or one in equity is to be determined by the nature of the dispute. City of Ashland v. Ashland Salvage, 271 Neb. 362, 711 N.W.2d 861 (2006). A suit on a contract is an action at law. Jeffrey Lake Dev. v. Central Neb. Pub. Power, 262 Neb. 515, 633 N.W.2d 102 (2001). An insurance policy is a contract, and its terms provide the scope of the policy's coverage. Rickerl v. Farmers Ins. Exch., 277 Neb. 446, 763 N.W.2d 86 (2009). Thus, the district court was empowered to determine whether the insurance contract at issue in the case before us afforded coverage to Kruid for Knutson's alleged injury.
Therefore, the pertinent question becomes whether the Act could be applicable to Knutson's claim. Bearing in mind that this matter is before us on summary judgment, we do not resolve factual disputes. If the facts viewed most favorably to Kruid would require coverage under the Act, the summary judgment granted below cannot stand.
We conclude Kruid has presented sufficient evidence to create a question of material fact as to whether the Act applied. The Act applies to "every resident employer in this state and nonresident employer performing work in this state who employs one or more employees in the regular trade, business, profession, or vocation of such employer." Neb.Rev.Stat. § 48-106(1) (Cum. Supp. 2008). Section 48-106 sets forth certain exclusions, none of which are applicable to the instant case.
The record contains evidence which can be viewed as showing that Kruid is an "employer" within the meaning of the Act. Pursuant to Neb.Rev.Stat. § 48-114(2) (Reissue 2004), an "employer" is "every person, firm, or corporation, including any public service corporation, who is engaged in any trade, occupation, business, or profession as described in section 48-106, and who has any person in service under any contract of hire, express or implied, oral or written." Kruid has created a question of material fact as to whether he is an employer that has contracted to hire employees to work in his "business ... as described in section 48-106" by adducing evidence that he has employed one or more employees in his regular business in Madison.
The record also contains evidence suggesting that Knutson qualified as an "employee" under the Act. Pursuant to Neb. Rev.Stat. § 48-115(2) (Cum. Supp. 2008), an employee is defined as "[e]very person in the service of an employer who is engaged in any trade, occupation, business, or profession as described in section 48-106 under any contract of hire, expressed or implied, oral or written." Kruid adduced evidence that he employed Knutson to work for his business. Certainly, viewed in the light most favorable to Kruid, this is sufficient to raise an issue of fact as to whether Knutson thereby fell within the Act's definition of an employee.
The third paragraph of § 48-115(2) imposes an additional prerequisite to coverage under the Act, and provides as follows:

*660 If an employee subject to the ... Act suffers an injury on account of which he or she ... would otherwise have been entitled to the benefits provided by such act, the employee ... shall be entitled to the benefits provided under such act, if the injury ... occurred within this state, or if at the time of such injury (a) the employment was principally localized within this state, (b) the employer was performing work within this state, or (c) the contract of hire was made within this state.
Clearly, Kruid adduced evidence that he fell within subsection (b) by showing that he operated a business in Madison. Further, Kruid's testimony that he hired Knutson as an employee of Farm Supply, which is located in Madison, raises at least an inference that the contract of hire was made in Nebraska. On summary judgment, the court does not resolve issues of material fact. Because Kruid has demonstrated that Farm Bureau is not entitled to summary judgment as to whether the Act required coverage, the district court erred in granting summary judgment for Farm Bureau. On the other hand, Kruid did not move for summary judgment on his first cause of action. Therefore, we express no opinion whether he would have been entitled to judgment as a matter of law. Because of the narrow scope of this opinion, which holds only that the district court erred in granting summary judgment in favor of Farm Bureau, numerous issues may have to be addressed in the first instance by the district court on remand.

CONCLUSION
Because Kruid adduced evidence sufficient to create a question of material fact as to whether the Act covered Knutson at Kruid's South Dakota location, the district court erred in granting summary judgment. We therefore reverse the judgment and remand for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
IRWIN, Judge, participating on briefs.